**McWILLIAMS, Plaintiff, v. McWILLIAMS, Defendant.**

Common Pleas Court, Franklin County.

No. 192209. Decided April 7, 1956.

Alexander, Ebinger & Wenger, Columbus, for plaintiff.

Porter, Stanley, Treffinger & Platt, Columbus. for garnishee, The City National Bank and Trust Company of Columbus.

Knepper, White, Richards, Miller & Roberts, for defendant.

## OPINION

By MARSHALL, J.

Plaintiff filed her petition herein on April 9, 1955 against her husband, a resident of Mexico, praying for a judgment to cover separate maintenance and support payments ordered by the Superior Court of the State of California as the result of an action instituted in California in 1953. In her first cause of action Plaintiff prayed for $296.69 as past due child support money, and in her second cause of action Plaintiff prayed for $2,252.96, as past due support money for plaintiff and three of her minor children and as attorney fees, costs and interest.

Also on April 9, 1955, Plaintiff filed herein an affidavit for attachment against the City National Bank and Trust Company of Columbus, Ohio, alleging that said Bank had in its possession certain moneys belonging to defendant, as beneficiary of a certain inter vivos trust established by J. Walter B. Floyd, and as beneficiary of a certain testamentary trust established by the will of J. Walter B. Floyd, deceased.

On April 9, 1955 Plaintiff filed an affidavit for service on defendant, by publication, alleging the defendant to be a non-resident of Ohio, and as being a resident of Mexico. The required public notice was printed six times in The Dailey Reporter, as shown on the proof of publication filed herein on May 25, 1955.

On June 8, 1955 the City National Bank and Trust Company of Columbus, Ohio, filed its answer, as garnishee herein, admitting the existence of the two trusts referred to by Plaintiff herein and that it was the trustee for said trusts; that on April 12, 1955, when it was served with notice of attachment, there was due and owing the defendant, as beneficiary of the Trust Agreement dated May 29, 1936, the sum of $46.56, under the terms and conditions of said Trust Agreement; that on April 11, 1955, when it was served with notice of attachment as to the testamentary trust under the Will of J. Walter B. Floyd, there was nothing due defendant, as beneficiary of said testamentary trust. The Bank urged that the Court should dissolve the two attachments and dismiss the Bank as garnishee from the case. The Bank specifically pointed out the identical clauses, contained in both trust instruments, which are commonly termed "spendthrift clauses," and which in brief provide that the principal and income of the trust shall not be alienated, disposed of or encumbered by any beneficiary of the trust while in the possession and control of the Trustee, and that if such attempt be made that the interest of such beneficiary shall cease and shall be otherwise paid and distributed.

On June 14, 1955 by agreement of the Plaintiff and the Bank, as garnishee, the Court postponed Answer day in this cause, from June 11, 1955, the answer date contained in the Public Notice, to June 25, 1955. Defendant made no answer in this case before the new answer date of June 25, 1955.

On June 29, 1955 this Court on the application of Plaintiff approved a Judgment Entry granting Plaintiff judgment by default on her first cause of action for $296.69, plus interest of $20.03 and granting Plaintiff judgment on her second cause of action for $1,878.96, plus interest of $63.17, and attorney fees of $350.00, plus interest of $17.50 thereon, and Court costs of $24.00, plus interest of $1.20 thereon, or a total judgment for $2,651.55, together with costs of $52.55.

Briefs have been filed by Plaintiff and by the Bank as Garnishee, relative to the motion of the garnishee to discharge attachments.

On December 3, 1955 the Defendant filed his Motion and supporting brief to require the Court to set aside the judgment against him dated June 29, 1955, and to discharge the attachments against the garnishee, on the grounds:

1. The Court did not have jurisdiction over the person of defendant and could not render a personal judgment against him.

2. The judgment entry was prematurely entered prior to a determination that there was any property of defendant before the Court.

3. The attachment was invalid by reason of the terms of the inter vivos and testamentary trusts established by J. Walter B. Floyd.

Plaintiff filed her brief contra to the motions of defendant.

The real problem in this case is whether defendant has property within this jurisdiction which is subject to be appropriated or taken by the plaintiff and applied toward her separate maintenance and toward child support as ordered by the California Court.

It is clear that defendant has received amounts of money, from time to time, from the City National Bank and Trust Company, acting as trustee for the two trusts hereinbefore described. On the date when it was served with notice of attachment, April 12, 1955, it was holding for defendant, as beneficiary of the inter vivos trust, and under the terms and conditions of said Trust Agreement the sum of $46.56, as admitted in its Answer. Specifically, the question here is whether Plaintiff can successfully attach this money in the hands of the trustee and require the trustee to pay the same over to her, to apply on her judgment against defendant for maintenance and support, or whether this money is exempt from such attachment because of the limitations on its use imposed by J. Walter B. Floyd by his will or by the trust indenture created by him before his death. We are concerned with such money as it is accumulated by the trustee and held by the trustee for particular purposes and before the trustee has distributed such money for such purposes.

We believe that a person having the absolute title to money or personal property has the right to dispose of it as he wishes, either during his lifetime, or at his death through proper testamentary disposition, and this power of disposition is limited only by some lawful prohibition or as being against public policy. Within these limits, such person can impose any restrictions to such disposition as he desires, and may do so by the use of such instruments as a trust indenture or a will. If such person makes restrictions which are lawful and not against public policy they will be protected by the Court, so long as the intent of the donor or testator is clearly set forth and can be ascertained. It follows that a person can give his property to anyone he chooses to give it to, and subject to such limitations as he thinks proper, so long as they are not unlawful or against public policy. He may also make use of a trustee in the handling of the property to receive the property, hold it or exchange it, and then distribute it, or the proceeds derived therefrom, as may be directed by the donor or testator in the trust indenture or will.

One method commonly employed by a donor or testator is to set up a trust for the benefit of designated beneficiaries, and the corpus or proceeds to be distributed by the trustee to or for the special benefit of designated beneficiaries under restricted conditions. These are known as "spendthrift trusts," and the Courts of this state will enforce such trust instruments so long as they are not unlawful or against public policy. (See **Adair v. Sharp, Exr. and Trustee, 49 Oh Ap 507,** decided the Court of Appeals of this County on December 26, 1934.)

Surely it is not unlawful to make gifts to specified individuals, se-

lected solely by the donor or testator, and regardless of the needs of the beneficiary.

Likewise, we see nothing against public policy to make gifts either directly to designated beneficiaries, or to make gifts indirectly to such designated beneficiaries through the medium of a trustee designated by the donor or testator. The fact that other persons are specifically excluded does not in itself make the restrictions unlawful or against public policy. Such other persons excluded may be the creditors of the beneficiary while the gift is in the hands of the trustee. The Court of Appeals for Hamilton County, Ohio, in the case **Norris v. Daiker, Adms. et al, 35 Oh Ap 394,** which was decided on July 11, 1929, held in Syllabus 1, as follows:

"1. Trust of income and capital payable within the trustee's discretion did not pass vested interest to beneficiary that could be reached by judgment creditor (§11760 GC)."

In this case, "other persons" excluded from the benefits of the trust include a spouse and children, as well as creditors, of the beneficiary. In some jurisdictions the Courts have held that claims of a wife and children are in a different category from ordinary creditors and cannot be excluded. While there is considerable merit to such a position we do not believe it is against public policy for the donor or testator to limit the gift, or proceeds derived from the gift, to designated beneficiaries and exclude others, even members of their own families, from any participation in the trust funds. In the case before us we believe the Trustee, the garnishee herein, is limited by the terms and conditions of the inter vivos and testamentary trusts to pay the money only to defendant and other specifically named beneficiaries of said trusts, and all others are excluded. This intent and direction should be protected and carried out without interference.

Plaintiff has raised the preliminary question as to the right of the Garnishee to move to discharge the attachments. There is a provision in §2715.44 R. C., for the defendant to move to discharge an attachment. However, this is not a prohibition for "one interested therein" to make application to the Court by motion, as provided by §2309.65 R. C. (See also the case of The Modoc Soap Co. v. Brankamp, 5 N. P. [n. s.] 252). We believe under the circumstances of this case that the Garnishee is "one interested therein" and therefore the Court should consider its Motion to discharge the attachments, along with the Motion of Defendant to set aside the judgment and discharge the attachments.

Having come to the conclusion that this Court has no jurisdiction over property of the defendant, and this proceeding is strictly one in rem, the Court believes that the default judgment rendered by it on June 29, 1955 should be set aside and held for naught. This conclusion is also on the grounds that the Court had no jurisdiction over the person of the defendant, who was served by publication as a non-resident of this state. Therefore the Court could not render a personal judgment for money against the defendant.

The Court sustains the Motion of defendant, filed Dec. 3, 1955, and sets aside and holds for naught the default judgment entered herein on June 29, 1955, discharges the attachments heretofore made in this case

on April 11, 1955 and April 12, 1955, and orders that the City National Bank and Trust Company of Columbus be dismissed as garnishee from this case. To the same effect the Court sustains the Motion of the garnishee filed herein on June 8, 1955. Exceptions to these rulings may be entered on behalf of Plaintiff.