PAYER ET, PLAINTIFFS, *v.* ORGILL ET, DEFENDANTS.

Common Pleas Court, Cuyahoga County.

No. 705022.

(PINCURA, J., of Lorain County, sitting by designation in Cuyahoga County.)

PINCURA, J.  Can a former wife who secured a judgment of alimony and support and a former mother-in-law who secured a judgment for supplying necessaries to said daughter, invade and reach the interest of the beneficiary (former husband) of a spendthrift or protective trust in an action which is in the nature of a Creditor's Bill pursuant to Section 2333.01, Revised Code?

Skeletonizing the facts, in 1929, Lida Payer, one of the Plaintiffs herein, was married to Franklin Lee Payer and in 1939 they were separated and lived separately thereafter. Plaintiffs (mother-in-law and wife) secured judgments in Cuyahoga County, Common Pleas Court, in the sum of $24,000.00, in the year 1951 for necessaries provided to daughter and in the year 1955 in the sum of $16,240.00 plus as alimony, respectively.

Husband, Franklin Lee Payer, secured a divorce in Nevada in 1955, and was re-married to Mrs. Alice Gill.  In July 1956, Mrs. Florence L. Payer (mother of Franklin Lee Payer) died. In her will, John H. Orgill was appointed testamentary trustee, the provisions of will which are in issue here are:

Paragraph 9 (b), (c) and (d) of Item III.

''(b) That it is my desire that maintenance and support shall be furnished for my son, FRANKLIN L. PAYER, out of the trust estate; and that out of the trust estate shall be furnished aid for the support and maintenance of my said grandchildren; and I direct my trustee to accomplish these purposes in such manner as will prevent any of said beneficiaries from alienating, encumbering, disposing of or in any manner encumbering any of the funds necessary for these purposes and/or to make any of said funds subject to claims of creditors of any of the beneficiaries herein named while the funds are in the possession and control of my trustee: and, if any of the beneficiaries named in this instrument shall at any time or times attempt to alienate, charge, encumber or dispose of any of the income or principal, or any part thereof, or any interest therein, before the same shall have been delivered to either of them under the provisions of this instrument, or if any of the said beneficiaries hereinabove named shall become insolvent or bankrupt, or if the interest of any beneficiary herein be attacked in

any way by any creditor of the said beneficiary, then the entire interest of any such beneficiary in this trust shall thereupon cease and terminate, except as hereinafter provided.

"In any such event, I empower my trustee to arrange what he shall deem to be suitable maintenance and support for any or all who shall have forfeited their right for direct payments by reason of violation of any of the conditions and provisions herein set forth and to pay for such support, maintenance and education out of the trust funds.

"(c) If any one of the beneficiaries herein named shall have offended by violation of any of the provisions, conditions and terms of this instrument, and shall furnish satisfactory evidence to my trustee that the impediments no longer exist and that the violations have been wholly cured, then any such beneficiary may, at the discretion of my trustee, be restored to his or her full right to participate in the trust funds in the manner and at the times provided in this instrument.

"(d) Subject to all of the conditions, restrictions, and provisions of this instrument, my trustee is hereby empowered to pay to my beloved son, FRANKLIN L. PAYER, the sum of FIVE HUNDRED DOLLARS ($500.00) per month. Should there be any change in economic conditions, or any change in my said son's physical condition necessitating additional expense, or in the event of any emergency which may require additional sums for support and maintenance, then and upon the happening of any of the things or events hereinabove enumerated, my trustee, in the exercise of his sound discretion, may increase the amount to be paid or used for the support and maintenance of my said son. And to my grandson, HARRY F. PAYER, II, the sum of FIVE HUNDRED DOLLARS ($500.00) per month; to my granddaughter, DENNIS PAYER SCHOLZ, the sum of ONE HUNDRED DOLLARS ($100.00) per month; and to my grandson, MICHAEL CREAMER PAYER, the sum of ONE HUNDRED DOLLARS ($100.00) per month; all of which said monthly payments shall begin as soon as may be convenient after my trustee has become seized and possessed of all of the property bequeathed to him under ITEM III of this my Last Will and Testament, and said payments shall continue so long as my said son, FRANKLIN, shall live, and until the youngest of my said grandchildren, herein named and then

surviving, shall have reached the age of FORTY (40) YEARS."

Coming now vis-a-vis with the provisions herein, it should be pointed out that the trustee is under the directives to:

"The trustee is charged with the *maintenance and support for my son, Franklin L. Payer, out of trust estate*" - - - "deemed suitable" by trustee. That the trust is *"empowered"* to pay him $500.00 per month unless there be *"any change in economic conditions or any change in my said son's physical condition necessitating additional expense or in the event of any emergency which may require additional sums for support and maintenance,"* then the trustee *"in the exercise of his sound discretion may increase the amount to be paid or used for the support or maintenance of my said son."*

The trustee is directed *"to accomplish these purposes in such manner as will prevent any of the beneficiaries from alienating, encumbering, disposing of - - - any of the funds - - - while the funds are in control of my trustee."* If the beneficiary does attempt to alienate or encumber or if the beneficiary becomes bankrupt or *"if the interest of any beneficiary herein shall be attached in any way by any creditor of said beneficiary, then the entire interest of such beneficiary - - - shall cease and terminate, except"* - - - *"for all who shall have forfeited their right - - -* by reason of *violation of the conditions,"* the trustee is empowered to arrange suitable maintenance and support to such beneficiary, upon curing of the violation the trustee can restore the right to participate.

The trustee herein paid $500.00 a month to beneficiary Franklin L. Payer, from March 1957 to January 1958 then the trustee construed this suit as involving the spendthrift or protective provisions and has paid for support and necessaries of the beneficiary under the authority of the alienation and forfeiture clauses of said trust.

In Ohio, whether a spendthrift trust in which the income interests of the beneficiary are made exempt from claims of his creditors is valid is now upheld. Neither can there be no doubt that such a trust when the restraint on alienation is confined to the trust income is valid.

(a) *Adair* v. *Sharp Ex. and Trustee*, 49 Ohio App., 507.

(b) Ohio Annotations to the Restatement of the Law of Trusts, page 36, paragraph 152.

(c) Spendthrift Trusts 2nd, Griswold, page 249.

(d) Restatement of the Law of Trusts 2nd, page 310 through 328.

(e) American Jurisprudence, pages 132 and 140.

However, where spendthrift trusts are allowed many courts have held that in certain circumstances the wife or children of the beneficiary may reach the interest of the beneficiary in spite of the restraint contained in the terms of the trust. In Ohio two Common Pleas Courts reached different conclusions.

*McWilliams* v. *McWilliams*, 74 Ohio Law Abs., 535.

*O'Conner* v. *O'Conner*, 75 Ohio Law Abs, 420.

There are several states in which statutes provide for recovery from a trust where the claim is for alimony or support, and there is respectable authority outside of Ohio supporting the views of both the *McWilliams* and the *O'Conner cases*. This court is of the opinion that the matter is one of public policy which ought to be and should be decided by the legislature.

This Court is of the opinion that trusts are a creature of equity and it is difficult to take a too rigid position either way. Equity should not feed the husband and starve the wife no more than should equity feed the wife and starve the husband.

The Courts generally have allowed the interest of a beneficiary in a spendthrift or other support trust to be subjected to claims for support and maintenance of a wife and children. 54 American Jurisprudence, Sec. 176, page 140, Restatement of the Law of Trusts 2nd, Sec. 157; Scott on Trusts (1st ed.), page 790; Scott on Trusts (2nd ed.), page 1110.

This Court upon analysis of the principles enunciated by the learned Judge Alexander, Court of Common Pleas, Lucas County, in his Opinion in the *O'Conner* v. *O'Conner*, 75 Ohio Law Abs., 420, concludes that it appears to come within the spirit of the majority view and the Court hereby adopts Judge Alexander's Opinion as a direct precedent in support of findings herein.

It is the Court's conclusion that the alienation herein for the plaintiffs (ex-wife and ex-mother-in-law) *is not and does not work a forfeiture* and is hereby construed to be a *partial alienation*, it is a spendthrift trust which could become a discretionary support trust. The invasion of Franklin Payer's

interest is not defeated by the exercise of the spendthrift or protective trust provisions by the trustee, however, to carry out the clear intention of the testatrix to provide support for her son, such invasion is limited to $500.00 per month, until judgments are satisfied, effective on the journalization of this order but in no way limiting or restricting the powers of the *trustee* or his discretionary powers in carrying out the specific directives of said testatrix.

(Exceptions. See Jorunal.)