MATTHEWS ET AL., APPELLANTS, *v.* MATTHEWS ET AL., APPELLEES.

(No. 80AP-841—Decided August 4, 1981.)

*Messrs. Matan, Rinehart & Smith, Mr. Eugene L. Matan* and *Mr. James D. Colner,* for appellants.

*Mr. William S. Matthews, Tyack & Wiseman Co., L.P.A.,* and *Mr. Thomas M. Tyack,* for appellee William S. Matthews.

*Mr. Thomas S. DeLay,* for appellee Ohio National Bank of Columbus.

*Messrs. Bricker & Eckler, Mr. Frederick W. Rice* and *Mr. Michael J. Renner,* for appellee Garnet Marshall Hensley.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. William T. McCracken,* for appellees unknown heirs.

MOYER, J. This case is before us on plaintiffs' appeal from a judgment of the Court of Common Pleas of Franklin County in favor of defendants on plaintiffs' complaint to collect a judgment entered against defendant William Steele Matthews resulting from his failure to pay alimony and child support.

Defendant Matthews is the beneficiary of his father's testamentary trust, which was created in 1975 by a codicil to his father's last will and testament. The relevant portions of the codicil read as follows:

"(b) The trustee shall pay to or for the benefit of my son, William Steele Matthews, such part of the income derived from such trust fund as the trustee in his sole discretion shall deem necessary for his reasonable support, maintenance and health, or for any extraordinary expense caused by his illness, accident or other emergency affecting him, during the remainder of his natural life. * * *

"(c) If while my said son is such beneficiary the Trustee shall deem that the income derived from the trust fund is insufficient for the purposes set forth in Item III(b) above, then the Trustee shall be authorized to pay to, or for the benefit of, my said son, such part of the principal of this Trust estate as he shall deem necessary and proper under the circumstances."

In 1975, defendant Matthews' former wife, plaintiff Janice Matthews, filed an action against defendant for alimony and support. The trial court awarded her only child support in the sum of $42.50 per week. Defendant Ohio National Bank of

Columbus, trustee of the trust, has paid that weekly amount to plaintiff from the income of the trust.

Plaintiff Matthews, her daughter, Glenna Sue Matthews, and Glen Davis, who apparently contributed to the support of Glenna Sue Matthews, then filed suit against defendant Matthews for damages for his desertion and his failure to support his child. Defendant Matthews failed to appear, and a default judgment in the total amount of $94,698.70 was entered in favor of plaintiffs. The court awarded Janice Matthews and Glen Davis $54,698.70 for defendant's failure to support his daughter. The balance was awarded to Janice Matthews and Glenna Sue Matthews as compensatory and punitive damages for defendant's desertion.

Defendant Matthews has not paid the judgment. Plaintiffs filed the action in this case to collect the judgment from defendant Matthews' interest in the trust. The trial court rendered judgment in favor of defendants, relying on the case of *Martin* v. *Martin* (1978), 54 Ohio St. 2d 101 [8 O.O.3d 106], for its holding that neither the income nor the corpus of the trust was available to pay the obligation of a beneficiary for child support where the beneficiary has only an interest in the income of the trust. The trial court further held there was nothing in the trust instrument indicating an intent by the settlor to provide for defendant's children. The trial court also held that plaintiffs could attach only defendant Matthews' vested interest in the trust, but that no such vested interest existed because the trust was fully discretionary.

In support of their appeal, plaintiffs raise the following two assignments of error, which are interrelated and are considered together:

"I. The trial court erred in holding that plaintiffs' judgment could not be satisfied from defendant William Steele Matthews' interest in the Corwin Matthews trust.

"II. The trial court erred in denying plaintiffs' motion for a new trial."

The initial question in this case is whether the child of the beneficiary of a discretionary or spendthrift trust may attach the interest of the beneficiary for the child's support. Janice Matthews, defendant's ex-wife, has also attempted to reach defendant's interest in the trust to satisfy her judgment against defendant Matthews for desertion. *Martin* v. *Martin, supra,* clearly holds that a former spouse may not attach the interest of a beneficiary of a discretionary trust. Defendants rely on *Martin* also for their argument that defendant Matthews' child may not attach defendant Matthews' interest in a trust.

The trial court found that the beneficiary had only an income interest in the trust and that the principal therefore could not be reached.

The trial court erred in concluding that the trust was fully discretionary. The first branch of the syllabus in *Martin* reads as follows:

"A trust conferring upon the trustees power to distribute income and principal in their 'absolute discretion,' but which provides standards by which that discretion is to be exercised with reference to needs of the trust beneficiary for education, care, comfort or support, is neither a purely discretionary trust nor a strict support trust, and the trustees of such trust may be required to exercise their discretion to distribute income and principal for those needs." (Citing *Bureau of Support* v. *Kreitzer* [1968], 16 Ohio St. 2d 147 [45 O.O.2d 480].)

In this regard, the Ohio rule follows the general rule. 76 American Jurisprudence 2d 402, Trusts, Section 164. The trust before us, as the trust in *Martin,* is neither a purely discretionary trust, nor a strict support trust. It follows that, at least to the extent of his needs, defendant Matthews has an interest in all of the income of the trust.

The next question is whether plain-

tiffs may claim an interest in the beneficiary's income interest in the trust. We find no decision of the Supreme Court that disposes of the issue. A review of the cases from other jurisdictions that have considered the question of whether the interest of the beneficiary of a discretionary or support trust may be attached for child support causes us to conclude that there is no unanimous view of the law. At least one Ohio court has held that the interest is not attachable. *McWilliams* v. *McWilliams* (Franklin C.P. 1956), [2 O.O.2d 77] 140 N.E. 2d 80; see, contra, *Payer* v. *Orgill* (Cuyahoga C.P. 1963), 191 N.E. 2d 373. However, the majority rule is that the child may, in the absence of an express exclusion in the trust instrument, recover from the trust. 1 Restatement of Trusts 2d 328, Section 157; 76 American Jurisprudence 2d 413-415, Trusts, Section 178; 91 A.L.R. 2d 262, 266. The reasoning upon which this position is based is that the beneficiary should not be allowed to enjoy his interest while neglecting to support his children. We believe this to be the better rule.

The trial court held that there was no indication that the settlor intended to provide for defendant Matthews' children. However, the trust document states that the trustee shall pay what he deems necessary for the beneficiary's "reasonable support, maintenance and health." Support of one's children is mandated by R.C. 3103.03. "Reasonable support" includes payment of all of the beneficiary's normal, expected and legal responsibilities. It would have been unreasonable, had defendant Matthews lived with his child, for the trustee to have refused to pay defendant Matthews sufficient funds from the trust to support both himself and his child. We have been given no reason why "reasonable support" should have any different application simply because defendant lived apart from his daughter.

As plaintiffs argue, the settlor knew that his son had not held a job and,

therefore, apparently intended to provide for payment of all his son's normal expenses, which would include care of his children. Furthermore, the trustee has determined that it is within its discretion to pay present and future child support, refusing only to pay the arrearage. It is inconsistent for the trustee to maintain that it would not be in its discretion to pay child support for the earlier period where such payment does not place in jeopardy the beneficiaries' interest in the trust. We thus hold that plaintiffs do have a valid claim against the interest of defendant Matthews in the trust for the support of the child of defendant Matthews.

Plaintiffs may not, however, recover from the trust compensatory or punitive damages for desertion. In this case, the compensatory and punitive damages are in the nature of a penalty and would penalize only the residual beneficiaries, not defendant Matthews, since the amount he receives would not be decreased.

The final question is, from what fund the judgment should be satisfied. Plaintiffs claim that Item III(c) of the final codicil to the will of Corwin Matthews authorizes payment from the corpus of the trust. That section states that, when the income from the trust is insufficient to provide for the beneficiary's needs, the trustee may pay such additional monies as are necessary from the principal of the trust.

The total value of the trust is approximately $500,000. The total amount of the judgment against defendant Matthews for child support is $54,698.70. The trustee testified that the trust fund has annual income of approximately $35,000. From this income are paid the maintenance of defendant, the present child support payments, and certain other specified payments. The annual payments from income have been approximately $22,000. The remainder of the income each year is apparently added to the corpus of the trust. The income for the pres-

ent year will not produce sufficient surplus to satisfy the total judgment for child support. However, plaintiffs may recover that amount of the surplus income for the year which is not required for the other obligations of the trust. Plaintiffs may recover such amount as is available in each succeeding year until the judgment is satisfied. Assuming no significant change in the trust income, the judgment for child support could reasonably be expected to be paid from the trust income within three to five years. It would, therefore, be imprudent to order the trustee to invade the principal to satisfy said judgment. This amount constitutes over one-tenth of the entire principal, and the payment of such an amount could jeopardize the trust itself. Therefore, we hold that the trustee did not abuse its discretion by refusing to invade the corpus of the trust to pay the judgment.

We hold that income from a trust which is neither a purely discretionary nor a strict support trust and which contains no express exclusion therefrom of the beneficiary's children may be attached for the purpose of paying a judgment against the beneficiary for child support.

For the foregoing reasons, plaintiffs' first assignment of error is sustained to the extent that plaintiffs may recover the amount of the judgment related to child support arrearage, *i.e.,* $54,698.70; plaintiffs' second assignment of error is rendered nonprejudicial and overruled; and the judgment of the trial court is reversed and the cause remanded for implementation of this decision.

*Judgment reversed and cause remanded.*

WHITESIDE and REILLY, JJ., concur.

(No. 80AP-841—Decided February 25, 1982.)

ON RECONSIDERATION

MOYER, J. Substituted counsel for defendant-appellee, the Ohio National Bank of Columbus, Trustee, has applied for a reconsideration of our judgment entered on August 4, 1981, stating as the reason therefor that the briefs filed in the appeal for the trustee failed to fully inform the court of all the relevant facts and of the issues raised by the appeal. A memorandum contra was filed by plaintiffs-appellants.

App. R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.

In this case, substituted counsel for the trustee has brought to our attention in the motion for reconsideration one issue that was fully considered in our decision and another that was not.

The trustee first argues that Corwin Matthews' intent with respect to his desire to provide support from his testamentary trust for his grandchild, Glenna Sue Matthews, can be determined from his action following the birth of his granddaughter, who is the daughter of the trust beneficiary, William Matthews. Corwin Matthews' last will and testament, in its original form, provided that the remaining assets of the testamentary trust were to be distributed to the issue of

William Matthews. Following the birth of William Matthews' daughter, Corwin Matthews changed his will to provide that the trust assets would not pass to the issue of William Matthews upon his death, but, rather, to the residuary legatees.

The trustee's argument, which is based on sound legal rationale, was considered by us in our decision and rejected in favor of what we perceive to be the better and majority rule in the jurisdictions that have considered the question. We should first emphasize that the Ohio Supreme Court, in the case of *Martin* v. *Martin* (1978), 54 Ohio St. 2d 101 [8 O.O.3d 106], did not consider this issue. The court expressly stated that "the question of whether the trust income is reachable for child support is not presented," because the trust instrument in *Martin* expressly provided for the support of the beneficiary's issue. *Martin,* at page 111. As we stated in our decision, we believe there is a distinction between requiring the trustee to pay alimony, which was the issue in *Martin,* and requiring the trustee to pay child support.

The general rule is that the income from a trust which is neither a purely discretionary nor a strict support trust and which contains no express exclusion therefrom of the beneficiary's children, may be attached for the purpose of paying for the support of the beneficiary's children. 1 Restatement of Trusts 2d 328, Section 157; 76 American Jurisprudence 2d 413-415, Trusts, Section 178. The holding of our original decision on this issue is affirmed.

The trustee also asserts that, even if the trustee can be required to pay child support as it comes due after the trust has come into existence, it cannot be required to pay unpaid child support that became an arrearage prior to the death of the testator. While that question was not briefed by the trustee's original counsel, the issue was resolved in our decision in favor of the plaintiffs. That holding in our original decision is affirmed.

With respect to the second issue, the trustee argues that the trial court had no jurisdiction to render a judgment against it or the residuary legatees because they were not parties to the original action upon which the creditors' bill was filed in this case, and that they should have been allowed to collaterally attack the original judgment in the trial court.

The avoidability of the original judgment was not raised as an affirmative defense by the trustee or by the residuary legatee. Assuming it should have been asserted as an affirmative defense, the failure to so plead does not bar our reconsideration of our decision.

The purpose of Civ. R. 8(C) and (D) is to place the plaintiff on notice that a defendant will present a defense for which the plaintiff may need to prepare. *Perry* v. *Bronn* (July 17, 1975), Franklin App. No. 74AP-521, unreported.

In the case before us, the avoidability of the judgment was raised as a legal issue in the trial briefs filed by plaintiffs, the trustee and the legatee, and it was raised at the beginning of the short evidentiary hearing by counsel for the residuary legatee with whom the trustee was in privity. No objection was raised by counsel for plaintiffs at that time. However, counsel for the legatee objected to plaintiffs' motion that the trial court take judicial notice of the original judgment upon which this was brought. The legatee argued that the judgment was voidable. At the end of the hearing, there was further discussion regarding plaintiffs' request that the trial court take judicial notice of said default judgment, and there was further discussion regarding the status of that judgment, including discussion of the question of whether the default judgment was for more than the amount prayed. The court delayed ruling on that issue until after the filing of briefs.

The trial court, in its decision and journal entry, referred to the fact that the trustee and residuary legatee were not parties to the original judgment upon

which the creditors' bill was founded. However, it does not appear that the trial court based its judgment on that fact and the court did not rule on the legatee's motion on that issue. No appeal was filed by the trustee or residuary legatee on that issue to preserve the alleged error, assumedly because they were the prevailing parties in the trial court.

The trustee argues that the original judgment is voidable and that a collateral attack may be brought against such a judgment where the persons against whom it is sought to be enforced were not parties to the action in which the default judgment was rendered. It is generally held that, "where the rights of persons not parties or privies to a proceeding are adversely affected by the judgment rendered therein, such persons are allowed to impeach it whenever it is attempted to enforce such judgment against them, or whenever, in any suit, its validity is drawn in question, since they have no remedy against the judgment by appeal or otherwise in the case itself." 46 American Jurisprudence 2d 787, Judgments, Section 628; *Coe* v. *Erb* (1898), 59 Ohio St. 259; 32A Ohio Jurisprudence 2d 243, Judgments, Section 702. Civ. R. 60(B) affords no relief to the trustee because it permits only parties or their legal representatives to file a motion for relief from judgment.

The trustee asserts five reasons that the judgment is voidable. They are the same five reasons argued to the trial court in the post-trial brief filed by defendant Hensley. We will not discuss the issues here because they may properly be raised on remand. However, in the interest of judicial economy, we make the following observation with respect to the characterization of the original judgment as a "default judgment." Throughout the proceedings in the trial court in this case, the attorneys for the trustee and the legatee, and the trial court in its judgment entry, refer to the original entry as a "default judgment." The copy of the judgment entry from the original case, which is attached to the complaint filed in this case, causes us to conclude that the reference to said original judgment as a default judgment is in error. The entry recites that a hearing was held on June 8, 1978 on plaintiff's (Glenna Sue Matthews') complaint, the answer of defendant (William Steele Matthews) and the evidence presented. The entry also reflects that the defendant, although advised by his attorney of the time, date and place of the trial, did not appear and that judgment was rendered against defendant. The entry also states that: "* * * the pleadings are hereby amended to conform with the evidence presented to the court."

The Staff Note to Civ. R. 55(A) states that a judgment against a defendant who has answered but who fails to appear for a trial is technically not a default judgment and such a defendant could not argue that he had not received the seven-day notice required by Civ. R. 55(A) before the default judgment was taken. However, even assuming the original judgment is not a default judgment, it may be attacked under Civ. R. 54(C). *Chempace Corp.* v. *Herbert* (May 14, 1981), Franklin App. No. 80AP-528, unreported. While the trial court had before it the issue of the enforceability of the default judgment against the trustee and the residuary legatees, it never ruled on the objection to the default judgment, although the trial court indicated such a ruling would be made. The trial court's failure to rule on the objection constitutes error but, because the trial court rendered judgment in favor of the trustee and the residuary legatees, the error was not made the subject of a cross-appeal by the original attorney.

It appears that, even though the trustee and residuary legatees received a judgment in their favor by the trial court, they should have filed a cross-appeal pursuant to App. R. 4(A). No appeal or assignments of error, pursuant to R.C.

2505.22, were filed. The question of whether the judgment upon which the creditors' bill was founded could be collaterally attacked by the trustee and the residuary legatees was not considered by us because it was not argued by their counsel.

While we may disregard errors not specifically pointed out in the record and separately argued by brief (App. R. 12[A]), we also may consider those errors in the record and determine such issues in the interest of justice that have not been raised by the parties. *State* v. *Eddington* (1976), 52 Ohio App. 2d 312, at 313 [6 O.O. 3d 317]; *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298, at 301 [67 O.O. 2d 358]; *Garrison Carpet Mills* v. *Lenest, Inc.* (1979), 65 Ohio App. 2d 251 [19 O.O.3d 208], paragraph one of the syllabus. Those cases must be read in conjunction with another line of cases that hold we may not grant affirmative relief to an appellee who has filed no appeal but who has filed assignments of error and that we may consider such assignments of error when necessary to prevent a reversal of the judgment under review. *Parton* v. *Weilnau* (1959), 169 Ohio St. 145 [8 O.O.2d 134], second paragraph of the syllabus; *Moncol* v. *Bd. of Education* (1978), 55 Ohio St. 2d 72, 78 [9 O.O.3d 75]. It has also been held that the Supreme Court will not grant affirmative relief by modifying the judgment of the court of appeals in appellee's favor where the appellee has not filed a cross-appeal from the judgment of a court of appeals. *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154 [1 O.O.3d 90], paragraph five of the syllabus.

If the law of the cited cases is applied literally to the case before us, the arguments raised by substituted counsel for the trustee, while not stated as assignments of error, could be used to protect against reversal of the judgment of the trial court. Such a literal application of the case law does not comply with the purpose of the rule of *Parton.* The purpose of the rule of *Parton* is to prevent an appellee from obtaining more relief from an appellate court than he obtained from the court from which an appeal is taken. A remand of the cause before us here will not have that effect but, instead, will place the trustee in the position of trying to prove the judgment sought to be enforced against it is invalid. We conclude from an analysis of the cases that the affirmative relief to which the cases refer does not include a reversal and remand of the case to the trial court to consider an objection upon which it did not rule. The Court of Appeals for Hamilton County in the case of *Easy Living* v. *Whitehead* (1979), 65 Ohio App. 2d 206 [19 O.O.3d 155], considered a similar question and held that the appellee's cross-assignment of error would be considered. The court stated:

"* * * Although this issue was raised below, the trial court did not rule on it; but, having determined that Easy Living had not violated the Truth in Lending Act, the court did not consider whether Whitehead was barred from alleging these violations. Appellee is entitled to put forth any argument in support of the trial court's judgment which was advanced below. Accordingly, we consider this 'cross-assignment.' " (*Id.* at 210.)

We conclude that, although the memorandum in support of the motion for reconsideration does not designate the arguments therein as cross-assignments of error, the arguments do constitute, in effect, cross-assignments of error. The arguments raised by substituted counsel for the trustee persuade us that, in the interest of justice, the trial court should determine whether the judgment against William Matthews can be avoided collaterally for one of the reasons asserted by the trustee and the residuary legatees. However, procedurally we need not change our decision of August 4, 1981 because the trial court has jurisdiction under our original decision, which

remanded the case for further proceedings, to consider the issue of the avoidability of the judgment upon which the creditors' bill was founded. The trial court stated it would rule on that issue but did not, apparently because it decided the case for the reasons stated in its decision. Because we have reversed the trial court's judgment, it continues to have jurisdiction to now consider the issue of the avoidability of the underlying judgment.

For the foregoing reasons, our decision rendered August 4, 1981 is reconsidered only to the extent that judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to consider the issue of the avoidability of the original judgment against William Matthews.

*Motion to reconsider sustained, judgment reversed and cause remanded with instructions.*

REILLY, J., concurs.
WHITESIDE, J., dissents.

WHITESIDE, J., dissenting. Being unable to join with the majority in reconsidering and changing the nature of the judgment previously entered herein by this court, I must respectfully dissent.

There are several basic reasons why this court should not reconsider our prior decision and judgment predicated upon the arguments made for the first time in this case by new counsel for appellee Ohio National Bank: (1) the Supreme Court of Ohio has already determined that the judgment previously entered by this court in this case is not one justifying review by overruling a motion to certify; (2) the issues presented for the first time on motion for reconsideration were not raised in the trial court; (3) the movant failed to file any notice of appeal or cross-assignments of error in this case at an earlier time; (4) the movant has demonstrated no valid reason why this court should reconsider

our prior decision as the majority opinion points out; (5) it is inappropriate for this court to attempt to afford a party a second opportunity to appeal to the Supreme Court after that court has overruled a motion to certify our judgment in the case.

The rationale of the majority appears to be that defendant-appellee trustee should be afforded by this court an opportunity to raise an issue in the trial court, which it failed to raise prior to judgment in that court and failed to raise upon appeal to this court.

The basic issue, which the majority would afford the trustee an opportunity to raise, is the validity of the prior judgment of the court of common pleas upon which this action is predicated. Contrary to assertions by the trustee and a reference in the majority opinion, there is nothing in the record on appeal indicating that this issue was raised in any manner whatsoever by the trustee at trial or upon appeal to this court. By its answer, the trustee denied the allegation of the existence of the judgment for past support only for want of knowledge or information. No allegation, by means of denial or affirmative defense, was raised as to the validity of any such judgment. All that appears in the record is a statement by counsel that neither the trustee nor the beneficiary was a party to the prior action. However, the pretrial statement filed on behalf of the beneficiary does not indicate validity of the prior judgment to be an issue to be determined upon this appeal. The record does not contain a pretrial statement filed by defendant trustee, and its trial brief does not raise any issue with respect to validity of the prior judgment.

The judgment in the prior case was the result of a trial at which evidence was adduced and judgment entered accordingly, even though defendant Matthews failed to appear.

At trial, counsel for defendant beneficiary Hensley did make argument in a pretrial brief and did state in his opening statement that he felt the prior judg-

ment was "void" because it was in default and exceeded the prayer in the action. First, it was not a default judgment but a judgment predicated upon evidence received at a trial at which defendant Matthews failed to appear, and entry of an excessive judgment would constitute error but would not subject a judgment to a collateral attack. It is not clear as to which respect it is contended the judgment exceeded the prayer, since the judgment in this case is predicated only on a portion of the judgment in that prior case. However, Civ. R. 54(C) limits only the amount of the judgment not the validity thereof.

Although defendant Hensley did suggest in the trial court there might be some issue, the matter was not pursued further at trial, and defendant Hensley is not in privity with defendant William Matthews. Defendant trustee, however, clearly is in privity with defendant William Matthews, the initial beneficiary of the trust. Any duty of the trustee necessarily exists because of an obligation of defendant William Matthews, which under the terms of the trust should be paid for his benefit from the trust income. A clearer case of privity could not be found. The issue is not one of initial obligation of the trustee to plaintiffs but, rather, whether or not the trustee is required under the trust to make payment of defendant William Matthews' obligation of support to plaintiffs as adjudicated in the prior action. There can be no obligation of defendant trustee unless there exists an obligation of defendant William Matthews. Privity is clear.

In addition, the attempted collateral attack upon the prior judgment is an affirmative defense which is required to be set forth specifically and affirmatively in an answer pursuant to Civ. R. 8(C). Defendant trustee's answer did not raise such an affirmative defense, nor was it raised as an affirmative defense by any other party defendant, nor was any evidence presented which conceivably could be the predicate for raising the issue pursuant to Civ. R. 15(B) as having been tried with implied consent of the parties.

The basic issue involved is one which has been apparent at all times in this case. The fact that some of the support obligation predated the death of the testator was apparent. This was the sole issue raised and determined by this court upon the prior appeal. That is, we determined that the judgment against defendant William Matthews was for support of his daughter prior to October 1976, stating in our opinion:

"* * * Furthermore, the trustee has determined that it is within its discretion to pay present and future child support, refusing only to pay the arrearage. It is inconsistent for the trustee to maintain that it would not be in its discretion to pay child support for the earlier period where such payment does not place in jeopardy the beneficiaries' interest in the trust. * * *"

By this language, we determined the precise issue.

In addition, as noted by the majority, defendant trustee failed to file either a cross-appeal or a cross-assignment of error. No affirmative relief from the judgment of the trial court can be afforded defendant trustee in accordance with *Parton* v. *Weilnau* (1959), 169 Ohio St. 145 [8 O.O.2d 134]. A cross-assignment of error may, however, be asserted defensively so as to prevent a reversal of a judgment. The majority permits the motion to reconsider to be considered a cross-appeal raising for the first time defensive issues in this case and then finds it to be prejudicial error for the trial court to have failed to consider these issues which were not raised by defendant trustee in the trial court in any manner whatsoever, much less an appropriate manner. In effect, therefore, the majority is holding that the trial court should have anticipated these affirmative defenses and asserted them for the trustee, which failed to assert them on its own behalf. Presumably, the

majority does not decide these new issues injected into this case for the first time upon motion for reconsideration upon their merits, but it does grant affirmative relief to defendant trustee granting it a right to litigate an issue not raised by defendant trustee in the trial court.

In any event, I am unable to concur in the order granting the motion for reconsideration. Assuming there to be valid issues which defendant trustee failed to raise in the trial court, such failure to raise the issues constitutes a waiver of them, and this court should not resurrect them for a party who has failed to present proper defenses at the appropriate time. This court reversed the judgment of the trial court and remanded for further proceedings consistent with our decision. Whether or not these issues can be raised on remand is not an issue before us at this time. Our order is clear, as is our original decision. We did not determine any issue with respect to the amount of the prior judgment because none was raised on appeal. If there be an error in the amount, defendant trustee must pursue some other remedy, if any be available, but should not be permitted to raise the issue for the first time on motion for reconsideration where the issue was neither raised nor determined in the trial court. Rather, the motion should be directed to the discretion of the trial court upon remand, not determined by this court upon a motion for reconsideration after the Supreme Court has declined to review the issues.

Accordingly, I respectfully dissent and would overrule the motion to reconsider.

(No. 80AP-841—Decided April 1, 1982.)

On Further Reconsideration

Moyer, J. This matter is before us on plaintiffs-appellants' motion for reconsideration of our decision rendered February 25, 1982. In support of their motion, plaintiffs argue that said decision should be reconsidered and our decision of August 4, 1981 reinstated for two reasons. The first is that defendant-appellee Ohio National Bank may not collaterally attack the 1978 judgment of the trial court to which said defendant was not a party. We thoroughly reviewed that issue in our February 25 decision and concluded that defendant Ohio National Bank may collaterally attack a judgment upon which a creditors' bill is founded where said trustee was not a party to the original action. We re-emphasize that the issue is not whether the trustee could have been or should have been a party to the original action but, rather, the trustee's standing to collaterally attack said judgment in a subsequent action to which the trustee is a party.

Plaintiffs also argue that we should dispose of the five reasons asserted by the trustee for its contention that the original judgment is voidable. As our February 25 decision indicates, that is precisely the issue upon which the case was remanded to the trial court. We will not review that issue at least until the trial court has made its judgment.

For the foregoing reasons, the motion to reconsider is overruled.

*Motion to reconsider overruled.*

Reilly, J., concurs.

Whiteside, P.J., dissents.

Whiteside, P.J., dissenting. I must respectfully dissent for essentially the reasons set forth in the dissenting opinion of February 25, 1982.