CELEBREZZE, ATTORNEY GENERAL, APPELLANT, *v.* FRED GODARD FORD, INC. ET AL., APPELLEES.

(Nos. 11910, 11911 and 11912—Decided June 26, 1985.)

*Anthony J. Celebrezze, Jr.*, attorney general, and *Thomas M. McCarty*, for appellant.

*Frederick S. Corns*, for appellee Fred Godard Ford, Inc.

*Duane Morris*, for appellees Wade Ford, Inc. and Wallace Lincoln-Mercury, Inc.

GEORGE, P.J. In July 1982, plaintiff-appellant, the Attorney General of Ohio ("the state"), filed separate complaints against three Summit County car dealers, alleging unfair or deceptive acts or practices in certain advertisements which appeared in the Akron Beacon Journal. Specifically, the complaints alleged violations of R.C. 1345.01 *et seq.* (Ohio Consumer Sales Practices Act); Section 1667 *et seq.*, Title 15, U.S. Code, the Federal Consumer Credit protection Act ("Truth-in-Lending Act" or "TILA"), and rules promulgated under both Acts. Defendants-appellees are Fred Godard Ford, Inc., Wade Ford, Inc., and Wallace Lincoln-Mercury, Inc.

The actions were tried to the court and judgment orders were issued dis-

missing the state's complaints on the ground that Ohio's Advertisement and Sale of Motor Vehicles rule was improperly adopted. The trial court denied the state's motion for summary judgment and refused to declare acts or practices violative of the federal statute and rules to be unfair or deceptive acts or practices under the Ohio Consumer Sales Practices Act. It is from these orders and the denial of the state's motion for summary judgment that the state now appeals, assigning as error:

"1. The trial court erred in finding that Ohio Administrative Code § 109:4-3-16 was not adopted pursuant to Ohio's Administrative Procedure Act found at Ohio Revised Code §§ 119.02 and 119.03.

"2. The trial court erred in finding Ohio Administrative Code § 109:4-3-16, as amended effective February 2, 1982, invalid.

"3. The trial court erred in dismissing appellant's complaints against appellees.

"4. The trial court erred in failing to find that an act or practice in violation of 15 U.S.C. § 1667c, and the regulations promulgated pursuant thereto, is unfair or deceptive in violation of Ohio Revised Code § 1345.02(A)."

This court reverses in part and affirms in part.

There are two issues involved here: (1) whether Ohio Adm. Code 109:4-3-16, the rule implementing the Ohio Consumer Sales Practices Act, was properly adopted pursuant to R.C. 119.03, and (2) whether certain acts or practices violative of TILA and its rules are *per se* violative of the Ohio Consumer Sales Practices Act.

The car dealer advertisements as stipulated between the parties were published between March 18 and April 2, 1982, offering various cars and trucks

for sale and lease. Some offered rebates upon the purchase of the vehicles. The complaints alleged that: (1) the advertisements did not contain beginning and ending dates of the sales as required by Ohio Adm. Code 109:4-3-16(B)(26); (2) they did not disclose the effect of the dealers' agreements with the manufacturer concerning rebates on consumer costs as required by Ohio Adm. Code 109:4-3-16(B)(27); and (3) certain advertisements placed by Wade Ford did not disclose the model as required by Ohio Adm. Code 109:4-3-16(B)(13). In addition, it was charged that the advertisements for leasing of vehicles did not include specific information required by TILA and its implementing rules.

The assignments of error dealing with Ohio Adm. Code 109:4-3-16 will be discussed first. The trial court dismissed each complaint which claimed a violation of Ohio Adm. Code 109:4-3-16 by finding that the administrative rule was not properly adopted pursuant to R.C. 119.02 and 119.03. Specifically, the trial court found that a proposed amendment to the rule was not timely filed because it was filed with the Legislative Reference Bureau ("LRB") on November 20, 1981, when the code required it to be filed with the Legislative Service Commission ("LSC").

To accept that argument, however, is to place form over substance. The evidence shows that the Ohio code governing procedure for codifying rules of administrative agencies was changed November 15, 1981. By virtue of the new Act, LSC assumed the responsibility previously assigned to LRB to accept filings of administrative rules. The same individual who took filings for LRB was charged with taking filings for LSC. The logbook of filings maintained by LRB was continued by LSC. The LSC director, in a certified statement admitted into evidence, said the November 20, 1981 filing in question was time-stamped with

an LRB stamp because no stamp had yet been acquired with the LSC inscription on it. LRB was no longer in existence. LSC was the only place the proposed amendment could have been filed. Clearly, the filing was with the proper agency, despite the LRB time-stamp.

The trial court cited only the above reason for its finding that the rule was not properly adopted, but appellees have reiterated other arguments raised below which, while not so designated, constitute in effect cross-assignments of error pursuant to R.C. 2505.22. In the interests of judicial economy, this court will now address those arguments. See *Matthews* v. *Matthews* (1981), 5 Ohio App. 3d 140, 146.

Appellees argue that the rule should be invalidated because R.C. 119.03(B) requires that a proposed rule be filed at least sixty days prior to the date of its adoption. The filing of amendments or revisions, they contend, restarts that sixty-day period, so that the earliest a rule may be adopted is always sixty days beyond the latest filed revision. A review of the full text of R.C. 119.03 disproves that contention, however. The sixty-day period is extended only if a revision is offered after the first thirty days have passed. In that event, R.C. 119.03(I) provides that the rule may be adopted no sooner than thirty days after the filing of the latest revision. The schedule of filings stipulated by the parties indicates that the code's time requirements for rule adoption thus were met.

Appellees also argue that the rule should be invalidated because the state did not comply with the R.C. 119.03(E) requirement of "reasonable" notice to those who will be affected by the proposed rule before it goes into effect. The evidence shows that the Ohio Auto Dealers Association, as well as regional associations, were directly involved in drafting the rule. There were a number

of hearings on it throughout the state. A representative of the Attorney General's office testified that she personally took comments and responded to inquiries about the proposed rule. Wade Wallace, president of two of the appellee firms, admitted he was aware of the fact that the rule was being revised. The Attorney General's efforts to inform those affected were sufficient to satisfy the requirements of the code.

Since this court has concluded that Ohio Adm. Code 109:4-3-16 was properly adopted pursuant to R.C. 119.03, the state's assignments of error one through three are sustained.

In the fourth assignment of error, the state argues that certain acts or practices concerning the advertising of a consumer lease declared to be unfair or deceptive by federal statute (TILA) and its rules should also be unfair or deceptive acts under the Ohio Consumer Sales Practices Act. The state sought to incorporate into the state Act, by declaratory judgment, the language of the federal Act relating to full disclosure of lease terms. The trial court refused to do this, noting that both the Ohio Legislature and the Attorney General with his rule-making powers under the Ohio Consumer Sales Practices Act, could have specifically incorporated these provisions if they had so desired. The state argues that such incorporation is mandated under R.C. 1345.02(C), which states:

"In construing division (A) of this section, the court shall give due consideration and great weight to federal trade commission orders, trade regulation rules and guides, and the federal courts' interpretations of subsection 45(a)(1) of the 'Federal Trade Commission Act.' 38 Stat. 719 (1914), 15 U.S.C. 41, as amended."

The state, however, has failed to demonstrate how the particular section of TILA which it wishes to incorporate

into the Ohio Consumer Sales Practices Act qualifies as either a federal trade commission order or a trade regulation rule or guide. The state further fails to cite any federal court interpretation of the TILA provision on consumer lease disclosures as prohibited under subsection 45(a)(1) of the Federal Trade Commission Act.

At issue here is the TILA requirement of disclosure of certain information when advertising consumer leases. However, the commission orders cited by the state deal with TILA requirements for disclosure of consumer credit terms and conditions and not consumer lease disclosures. Furthermore, the Section 1607(c), Title 15, U.S. Code provision that violations of the federal Act containing TILA requirements shall be deemed violations of the FTC Act "[f]or the purpose of the exercise of * * * [the commission's] functions and powers" under the Act, without more, does not make a TILA rule or regulation automatically a "trade regulation rule." While it is possible that this particular TILA provision may sometime come within the Ohio statutory limitations, the trial court did not err in refusing at this time to include the federal standards on consumer leasing disclosures in the state Act. This assignment of error is overruled.

Therefore, the judgments of the trial court dismissing the complaints are reversed insofar as they are based on Ohio Adm. Code 109:4-3-16 and these matters are remanded for further consideration of those issues. The trial court's refusal to grant a declaratory judgment incorporating TILA provisions on consumer lease disclosures into the Ohio Consumer Sales Practices Act is affirmed.

*Judgments reversed in part and affirmed in part.*

QUILLIN and BAIRD, JJ., concur.