MEMORANDUM DECISION
Appellant, William J. Kapp, has filed a motion for reconsideration of this court's decision rendered July 8, 1999, in Fabe v. Am. Druggists' Ins. Co.
(July 8, 1999), Franklin App. No. 99AP-336, unreported (Memorandum Decision). App. R. 26(A) provides in part:
 (A) Application for reconsideration. Application for reconsideration of any cause or motion submitted on appeal shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later. The filing of an application for reconsideration shall not extend the time for filing a notice of appeal in the Supreme Court.
The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbus v. Hodge (1987), 37 Ohio App.3d 68. Matthews v. Matthews (1981), 5 Ohio App.3d 140.
In support of his motion for reconsideration, appellant contends that Gary Ratner did not file a timely claim with the liquidator for American Druggists' Insurance Company ("ADIC") and that appellant should have been given notice of an interpleader action. In his appeal to this court, appellant did not raise the issue of whether Ratner's claim for the distribution of excess collateral was timely filed and a new issue may not be raised for the first time in a motion for reconsideration.
Appellant also alleges he should have been given notice of the interpleader action filed by the office of the Ohio Insurance Liquidator to determine who was entitled to the distribution of excess collateral provided as part of a surety bond for the benefit of Midwest Emery Freight Systems, Inc., of which Ratner was the trustee. Inasmuch as the collateral was never an asset of ADIC and was not available for distribution to creditors in the liquidation process, Kapp would not have been a proper party to the interpleader action. The distribution of the excess collateral does not change the status of Kapp as a holder of a Class 2 priority claim. As with appellant's first argument, this issue was not raised in his appeal and may not be raised for the first time in a motion for reconsideration.
Thus, appellant has not raised any issue that was not considered by the court and has not pointed out any error by this court in its earlier decision. Therefore, appellant's motion for reconsideration is overruled.
Motion for reconsideration denied.
KENNEDY, J., and LAZARUS, P.J., concur.