ON MOTION FOR RECONSIDERATION DECISION
Plaintiff-appellant, Lewis Williams, Jr., has moved pursuant to App.R. 26, for reconsideration of a journal entry of dismissal entered by this court dismissing his appeal.
Appellant is a death row inmate currently incarcerated at appellee Mansfield Correctional Institution. He filed his complaint in the Ohio Court of Claims alleging negligence on the part of appellee in allowing a riot to occur and in the measures undertaken to control the riot, which allegedly caused appellant injury through exposure to tear gas. On September 23, 1999, the Ohio Court of Claims granted summary judgment for appellee. Appellant filed his notice of appeal with this court and included a motion to proceed in forma pauperis, with an attached affidavit of indigency. The affidavit, despite containing indicated spaces for a notary's signature, was not notarized.
On November 19, 1999, appellee moved to dismiss appellant's appeal, based upon appellant's purported noncompliance with R.C. 2969.21 et seq., appellant's failure to pay his filing fee, and the defective nature of appellant's unnotarized affidavit of indigency. On December 16, 1999, having received no response to the motion to dismiss, this court granted the motion and entered a journal entry of dismissal. The journal entry stated "[t]his appeal is dismissed for failure of appellant to tender a filing fee and failure to comply with the requirements of R.C.2969.25." On December 20, 1999, the court received appellant's untimely response to the motion to dismiss, in which he proposed that this court issue an order to the cashier's office of his institution directing that funds be deducted from appellant's inmate account as set forth in R.C. 2969.22 until the full filing fee owed in connection with this appeal was paid.
The standard for ruling on a motion for reconsideration under App.R. 26, was set forth by this court in Matthews v.Matthews (1981), 5 Ohio App.3d 140, 143:
 The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.
While appellant's motion does, in fact, point out an obvious error in our prior decision, sufficient basis exists to leave undisturbed our dismissal of appellant's appeal.
The basis for dismissal of appellant's appeal was twofold: first, failure to comply with the provision of R.C. 2969.21 et seq.,
governing the payment of fees in civil actions brought by inmates, and second, failure to provide the filing fee in connection with the appeal or, alternatively, provide a valid affidavit of indigency. Appellant correctly points out that R.C. 2969.22, governing procedures for payment of court filing fees and costs by inmates is inapplicable to the present case. R.C. 2969.22(A)(1) applies "[w]henever an inmate commences a civil action or appeal against the government entity or employee on October 17, 1996 * * *." R.C. 2969.21(A)(2) provides the relevant definition of civil action:
 "Civil action or appeal against a governmental entity or employee" does not include any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court.
Appellant is correct, and appellee in fact concedes, that our decision was thus erroneously based, in part, upon appellant's failure to comply with the provisions of R.C. 2969.21 et seq.,
since these provisions are inapplicable.
Appellant's motion for reconsideration, however, does not address the other basis for our dismissal of appellant's appeal. R.C. 2319.02 defines an affidavit as a "written declaration under oath, made without notice to the adverse party." In dismissing appeals under similar circumstances, the Ohio Supreme Court has stated that if a "relator's statement is not notarized, it does not meet the requirements of an affidavit of indigency and is therefore not sufficient for waiver of the docket fees * * *." Rudd v. Graham (1996), 74 Ohio St.3d 1506. See, also,State v. Cannon (Jan. 7, 2000), S.Ct. No. 99-2319, unreported;Strothers v. Sikora (Apr. 24, 1997), Cuyahoga App. No. 71174, unreported. Since appellant's purported affidavit of indigency in the present case is not notarized, we conclude in accordance with the above-cited authorities that it does not meet the requirements of R.C. 2319.02 and thus does not suffice to waive the filing fee in the present case. We therefore overrule appellant's motion for reconsideration and leave undisturbed our prior judgment in this case.
Motion for reconsideration denied.
KENNEDY and BRYANT, JJ., concur.