OPINION ON RECONSIDERATION
Plaintiff-appellant, Willis Refrigeration, Air Conditioning 
Heating, Inc. ("Willis"), filed a motion for reconsideration of our decision rendered on January 18, 2000, contending that this court erred in several respects. We find that Willis' motion has merit and its motion for reconsideration is hereby granted in part and denied in part.
Willis provides heating, ventilation, and air conditioning ("HVAC") sales and services primarily to builders of new residential homes.[1] From 1962 to 1992, Floyd E. "Jack" Maynard ("Maynard") was the owner of Willis until he transferred all of his interest in Willis primarily to his son Mike. In 1997, Mike Maynard sold his interest in Willis to a Texas corporation. Maynard and his son both worked for Willis from 1992 until the fall of 1998. Maynard did not sign a covenant not to compete. In October 1998, Maynard started his own HVAC company, Maynard Heating Cooling Company ("Maynard Heating Cooling") and began competing with Willis. Maynard hired five former Willis at-will employees, including John Isaacs, who had signed a nondisclosure and nonsolicitation agreement with Willis on the day he was hired, and Mark Ernst, who had signed a similar agreement with Willis two years after he started working for Willis. Maynard and Isaacs are both officers and shareholders of Maynard Heating Cooling.
On December 10, 1998, Willis filed a motion for a preliminary injunction against defendants-appellees, Isaacs, Maynard, and Maynard Heating Cooling. The motion sought to stop them from,inter alia, soliciting or servicing customers of Willis, and soliciting or contacting Willis employees. The trial court denied the motion.
While the evidence was that Isaacs signed a nondisclosure and nonsolicitation agreement on the day he was hired by Willis, the trial court overlooked that fact and erroneously found that both Ernst, who did sign such agreement in mid-employment, and Isaacs signed their agreements in the midst of employment. The trial court, finding a difference of opinion among appellate courts in Ohio as to whether continued employment alone constituted sufficient consideration to support a restrictive covenant signed in the midst of employment, and finding that this court had not decided such issue, concluded that Willis had failed to establish a substantial likelihood of succeeding on its claims as to Isaacs.
On appeal, this court held that continued employment alone constitutes consideration to support a restrictive covenant signed in the midst of employment, and upheld the trial court's denial of Willis' motion for a preliminary injunction. This court also rejected Willis' argument that Isaacs used the corporate conduit of Maynard Heating Cooling to "indirectly" solicit Willis employees and customers in violation of his agreement.
The primary test applied to motions for reconsideration is whether the motion calls to the court's attention an obvious error in its decision or raises an issue for consideration which was either not considered at all or not fully considered when it should have been. Matthews v. Matthews (1981), 5 Ohio App.3d 140,143.
Willis sets forth two arguments in its motion for reconsideration. Willis first argues that this court incorrectly stated that the trial court was not persuaded by the solicitation evidence presented by Willis, and as a result, improperly upheld the trial court's denial of Willis' motion regarding its claim that Isaacs solicited Willis employees. Willis' argument has merit and is well-taken.
While addressing the issue of Isaacs' solicitation of Willis employees in violation of his agreement, the trial court stated that
 The first question for the Court is whether [Willis] has established a substantial likelihood of prevailing on the merits of its claim that Isaacs breached this portion of the agreement. The Court finds that [Willis] has, as there was evidence presented that Isaacs gave Jack Maynard's phone number to Jane Gilbert [a Willis employee], told her to call Mr. Maynard and invited her to a meeting at Mr. Maynard's home concerning his new HVAC service and repair venture. (Emphasis added.)
As already noted, the trial court erroneously found that Isaacs' agreement was signed in the midst of his employment with Willis. Finding a lack of consensus among appellate courts as to whether continued employment alone constituted consideration, the trial court went on to find that Willis had not established a likelihood of succeeding on the merits of this claim. This court, in turn, held that "a review of the record and the trial court's decision shows that the trial court was not persuaded by the testimony of the witnesses on behalf of Willis, and thus found that Willis had not established a likelihood of succeeding on the merits of [its claim that Isaacs solicited Willis employees]." This court then upheld the denial of Willis' motion for a preliminary injunction.
The foregoing holding by this court is erroneous. Isaacs' agreement restricts Isaacs both during and after employment with Willis, from "directly or indirectly" soliciting, inducing or attempting to solicit or induce any employees of Willis to leave Willis' employment for himself or another organization. The evidence supports the finding by the trial court that Isaacs solicited at least one Willis employee in violation of his agreement. Isaacs' agreement was signed on the day he was hired, and thus was supported by consideration. Once this court learned that the trial court found Isaacs had breached the agreement, it should have reversed the portion of the trial court's decision denying preliminary injunction on Willis' claim that Isaacs solicited Willis employees. The issue then becomes whether this court should grant the preliminary injunction with regard to this particular claim or whether it should remand the issue to the trial court.
Willis requests that this court "modify its Opinion and order a preliminary injunction prohibiting the Defendants from soliciting Willis employees until a trial on the merits in this matter." Appellees in turn argue that Willis is not justified in being granted a preliminary injunction because it failed to establish that it would suffer irreparable injury without the injunction.
We note at the outset that were this court to grant preliminary injunction with regard to Willis' claim that Isaacs solicited Willis employees in violation of his agreement, it would grant preliminary injunction only against Isaacs, and not, as requested by Willis, against all appellees. While the trial court found that Isaacs solicited at least one Willis employee, it did not make such finding with regard to either Maynard or Maynard Heating Cooling.
In determining whether to grant a preliminary injunction, a trial court must consider four different factors, including a substantial likelihood of success on the merits and irreparable injury. However, no one factor is dispositive. Cleveland v.Cleveland Elec. Illum. Co. (1996), 115 Ohio App.3d 1, 14. "When there is a strong likelihood of success on the merits, preliminary injunctive relief may be justified even though a plaintiff's case of irreparable injury may be weak." Id. In light of this holding, we find that the better approach is to remand the issue to the trial court to rule on the preliminary injunction as it relates to Isaacs.
Based on the foregoing, we find that Willis set forth an obvious error in this court's decision upholding the trial court's denial of Willis' preliminary injunction motion regarding its claim that Isaacs solicited Willis employees in violation of his agreement. We thus reverse and remand the portion of the trial court's decision denying preliminary injunction on Willis' claim that Isaacs solicited Willis employees in violation of his agreement.
Willis also argues that this court should "reconsider its analysis regarding Isaacs' establishment of a separate company to solicit Willis' employees and customers[.]" In its motion for a preliminary injunction and on appeal, Willis argued that by becoming a shareholder and officer of a competing company, Isaacs used this corporate conduit to "indirectly" solicit Willis employees and customers in violation of his agreement. The trial court found that this conduct did not violate Isaacs' agreement because no Ohio precedents "involve a former employee setting up a corporation to do what is forbidden to do by a nonsolicitation agreement." This court agreed that there were no cases directly on point and analyzed the issue by applying general principles regarding restrictive covenants. This court went on to reject Willis' argument and held that "[w]e are not persuaded that Isaacs violated his agreement simply because he possessed an ownership interest in a competing company.
To adopt the position advocated by Willis would result in a complete alienation of entrepreneurship and would eliminate not just unfair competition. This clearly would not be reasonable and such an interpretation under the facts herein is unacceptable. Willis has not set forth any error or new issue for this court to consider. Accordingly, Willis' request that this court reconsider its analysis regarding Isaacs' establishment of a separate company to solicit Willis' employees and customers is denied.
Willis' motion for reconsideration is denied in part, granted in part, and remanded to the trial court to render a decision consistent with this opinion.
YOUNG, P.J., and VALEN, J., concur.
[1] 1. A more detailed statement of the facts can be found in our opinion in Willis Refrigeration, Air Conditioning Heating,Inc. v. Maynard (Jan. 18, 2000), Clermont CA99-05-047, unreported.