[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter is before the court on the "Motion to Correct the Record" filed by appellants and appellee's memorandum in opposition thereto. Appellants point out that this court erroneously referred to reasoning inMiller v. ODOT (1993), 63 Ohio Misc.2d 363, which did not exist. Specifically, we stated:
 "The court reasoned that pursuant to R.C. 2305.131, the statute of repose for bringing suit against architects, engineers and contractors, actions arising out of the defective and unsafe condition of an improvement to real property shall be brought against "any person performing services for or furnishing the design planning, supervision of construction, or construction of such improvement to real property" no later than ten years after the performance or furnishing of such services and construction. Hence, injury occurring more than ten years after the negligent act allegedly responsible for the harm, e.g. construction of the road, forms no basis for recovery. As such, because the road at issue in this case was completed in 1969, the Court of Claims held that appellants' causes of action premised upon negligent design and construction had long since expired at the time of the accident."
Appellants are correct. The reasoning of the Court of Claims stated above appeared in a decision filed on March 10, 1993. The March 10, 1993 decision was reconsidered by the Court of Claims on April 15, 1993 and was vacated and replaced with Miller v. ODOT (1993), 63 Ohio Misc.2d 363. In its final decision on April 15, 1993, the Court of Claims did not rely on the statute of repose in dismissing appellants' action.
Insofar as appellants have called to our attention an obvious error, we hereby reconsider the language in our May 4, 2001 decision and judgment entry. See Matthews v. Matthews (1981), 5 Ohio App.3d 140. Accordingly, we find that the above quoted language be stricken from our prior decision. Because we never relied on the statute of repose, or any reasoning relating thereto, in rendering our May 4, 2001 decision, we find that no other portion of our decision and judgment entry is affected by this error. As such, we find that the remainder of our May 4, 2001 decision should remain intact.
Melvin L. Resnick, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., CONCUR.