[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Appellant, Jeffrey C. Barefoot, has filed a motion to reconsider this court's December 18, 2001 Decision and Judgment Entry in which we dismissed his appeal because the order from which it was taken is not final and appealable. Appellee, Lynne S. Barefoot, has filed a memorandum in opposition to the motion to reconsider in which she merely states that she is in agreement with this court's decision dismissing the appeal.
Background
In the trial court, each party to this divorce had an expert testify as to the value of the husband's business, MidWest Continental. Jeffrey Barefoot's expert testified that the value is approximately $104,000 and Lynne Barefoot's expert testified that the value is approximately $300,000. The trial court judge found neither valuation to be credible and stated:
 "The Court finds that since neither appraisal is credible, and the Court finds that the value of the business certainly should be more in the middle of the two appraisals, the Court finds that a new appraisal should be obtained by this Court ordering a new appraisal and assessing the costs to the parties. The court is well aware that the case law indicates that the Court cannot fashion its own Order or determination in the middle of the two appraisals, thus obtaining a new appraisal would be the preferable method. Therefore, the Court takes under advisement the issue of the value of business until such report can be obtained and a hearing conducted on the new valuation of the business.
"* * *.
 "Rather than hold-up the Final Order of Divorce in order to obtain another valuation, the Court proposes to rule on all of the Objections with the exception of the valuation of the business. Once a new valuation is obtained, if there is any adjustment to be made, the Court may handle that by ordering one party or another to pay a specified sum to compensate for the increase or decrease."
The trial court awarded one hundred percent of the business to Jeffrey Barefoot.
In our judgment entry dismissing the present appeal, this court found that under Civ.R. 54(B), the trial court's judgment was not final because the valuation of a large asset of the marriage, the husband's business, MidWest Continental, was continued for later determination. It is well settled that a civil judgment that does not dispose of all issues between all parties is not final, but interlocutory, and can be amended at any time unless the court determines that there is no just reason for delay. Civ.R. 54(B)[1] and Noble v. Colwell (1989), 44 Ohio St.3d 92 . Thus, we held that since the judgment of the trial court does not place a value on the business, it is not a final order and cannot be appealed at this time. In our dismissal entry, we went one step further and found that even if the trial court judge had included a Civ.R. 54(B) determination that there is no just reason for delay, the judgment would still not be final and appealable because of Civ.R. 75(F)(1), which states:
 "Rule 75 Divorce, annulment, and legal separation actions
"(A) * * *
 "(F) Judgment. * * * For purposes of Civ.R. 54(B), the court shall not enter final judgment as to a claim for divorce, dissolution of marriage, annulment, or legal separation unless one of the following applies:
 "(1) The judgment also divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children[.]"
The Motion to Reconsider
In his motion for reconsideration, Jeffery Barefoot asks, "does Civ.R. 54(B) control jurisdiction in this domestic relations case or is Civ.R. 54(B) superceded [sic] by the jurisdictional provisions of Civ.R. 75(F)(1)?" We find that both Civ.R. 54(B) and Civ.R. 75(F) impact an appellate court's jurisdiction to hear a domestic relations case. They are not mutually exclusive.
Civ.R. 75(F)(1) only comes into play if the judgment entry includes a Civ.R. 54(B) determination of no just cause for delay. Civ.R. 75(F)(1) states that Civ.R. 54(B) language is not effective to make a divorce order appealable unless the divorce order "divides the property of the parties, determines the appropriateness of an order of spousal support, and, where applicable, either allocates parental rights and responsibilities, including payment of child support, between the parties or orders shared parenting of minor children."
In his motion for reconsideration, appellant argues that a Civ.R. 54(B) certification would make the order in this case appealable because all of the requirements of Civ.R. 75(F)(1) are met by the trial court's judgment. Appellant alleges that Civ.R. 75(F)(1) only requires that the judgment "divide the property of the parties" not that it must alsovalue the property. He contends that all of the marital property hasbeen finally divided and all that remains is to value the business.
We disagree. The trial court judge clearly states that "[o]nce a new valuation [of the business] is obtained, the Court may handle that by ordering one party or another to pay a specified sum to compensate for the increase or decrease." Thus, even the division of the marital property other than the business is subject to change by the trial court depending on the ultimate value of the business.
In ruling on a motion to reconsider, this court follows Matthews v.Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states:
 "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed.)"
Appellant has neither called to our attention an obvious error in our decision dismissing the appeal nor has he raised an issue that was not previously fully considered. Accordingly, the motion to reconsider is denied.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] Civ.R. 54(B) states: "Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."