[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
* For the earlier opinion, see 2002-Ohio-5498.
 DECISION AND JUDGMENT ENTRY {¶ 1} This matter is before the court on the application of appellant, Perrysburg Township, for reconsideration of our decision inPerrysburg Twp. Rossford Amphitheater Authority (Oct. 11, 2002), 6th Dist. App. No. WD-02-011. Appellees, the city of Rossford and Mayor Mark Zuchowski, filed a memorandum in opposition to appellant's application, appellant filed a motion for leave to reply to the memorandum in opposition or to present oral argument, and, finally, appellees filed a memorandum in opposition to appellant's motion for leave to reply or for oral argument.
 {¶ 2} Our consideration of appellant's motion is governed by the standard set forth in Matthews v. Matthews (1981), 5 Ohio App.3d 140,143:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed)" See, also, In re: Testamentary Trust of Hamm (1997), 124 Ohio App.3d 683; Columbus v. Hodge
(1987) 37 Ohio App.3d 68.
 {¶ 4} An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. State v. Owens (1996),112 Ohio App.3d 334, 336. Instead, App.R. 26 provides a mechanism by which a party may prevent a miscarriage of justice. Id.
 {¶ 5} Upon a complete review of appellant's application for reconsideration, this court finds that appellant either waived the issues raised or failed to raise any issues that have not been thoroughly considered by this court in the original appeal. For these reasons, appellant's application for reconsideration is found not well-taken. The motion for leave to reply or to present oral argument is rendered moot by this denial.
 {¶ 6} However, appellant does point out a typographical error in our decision. Accordingly, we issue, sua sponte, the following errata.
 {¶ 7} The first sentence of the second full paragraph on page 9 of our decision is changed to read:
 {¶ 8} "In addition, appellant's Assignment of Error No. II in Action 1 as to Mark Zuchowski is found not well-taken."
 {¶ 9} The last sentence of that same paragraph is modified as follows:
 {¶ 10} "Therefore, Counts 1-6 of Action 1 fail to set forth claims against Zuchowski upon which relief can be granted."
 {¶ 11} It is so ordered.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.