[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Firelands Community Hospital ("FCH"), has filed a motion for reconsideration of our April 11, 2003 decision dismissing this appeal for lack of a final appealable order. FCH also requests a hearing on its motion. Plaintiffs-appellees, Libby Walker, et al., have filed a memorandum in opposition to FCH's motion and FCH filed a reply in support of its motion for reconsideration. At the outset, we find that both parties have throughly and ably briefed the issue to be decided and we deny the request for an oral hearing.
 {¶ 2} In ruling on a motion to reconsider, this court followsMatthews v. Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed.)"
 {¶ 4} FCH states in its motion to reconsider that this court made an error in its characterization of the order being appealed. We stated that it is an order concerning "how to identify and notify class members in a class action." FCH states that it is also an order requiring FCH to supply to plaintiffs' counsel the medical information and pathology reports of certain former patients of the hospital. We agree and find that we did not consider the final appealable order status of this portion of the trial court's order.
 {¶ 5} FCH contends that the order to supply plaintiffs with privileged hospital records[1] is a provisional remedy pursuant to R.C.2505.02(A)(3), which states, "`Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." In their memorandum in opposition to the motion to reconsider, plaintiffs state that only discovery orders that require disclosure of confidential information are "provisional remedy" orders, that the order in this case is not a "discovery" order, and, therefore, the order in this case is not a provisional remedy. We find this to be a distinction without a difference and hold that the order requiring FCH to supply to plaintiffs' counsel the medical records and pathology reports of certain former patients of the hospital is a provisional remedy.
 {¶ 6} R.C. 2505.02(B)(4) states:
 {¶ 7} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 8} "***.
 {¶ 9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 12} We find that both tests (a) and (b) are met in this case. The trial court's order requiring release of patient records determines the action, that is, it does not conditionally order the release of the records if something occurs; it orders the release of the records, period. Further, FCH would not "be afforded a meaningful or effective remedy by an appeal following final judgment." Once the records are released the damage is done and cannot be undone.
 {¶ 13} We have read and considered plaintiffs' argument that the issue in this case is moot because plaintiffs have "offered to stipulate to a modification of the Notice procedure that would require disclosure of medical information pertaining only to those individuals who choose not to opt out of the class." FCH has not responded to this offer. Thus, the offer does not moot the issue.
 {¶ 14} Accordingly, the motion for reconsideration is granted. We find that the order of the trial court requiring FCH to supply to plaintiffs' counsel the medical information and pathology reports of certain former patients of the hospital is a final appealable order pursuant to R.C. 2505.02(B)(4). This appeal is ordered reinstated to this court. Appellant shall file its assignment of error and brief within 20 days of the date of this decision and judgment entry. It is so ordered.
Peter M. Handwork, P.J. Judith Ann Lanzinger, J. Arlene Singer, J.
[1] See R.C. 2317.02.