DECISION AND JUDGMENT ENTRY {¶ 1} Defendant, The Lakeside Association, has timely filed a "Motion for Clarification and/or Reconsideration" of this court's decision of February 24, 2006, in which the trial court's decision to grant a judgment in favor of appellee, General Title Trust Company, was reversed.
 {¶ 2} The standard to be applied on a motion for reconsideration is "whether the motion * * * calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been."Matthews v. Matthews (1981), 5 Ohio App.3d 140, syllabus.
 {¶ 3} To clarify: Only the judgment entry entered April 14, 2005, granting judgment to General Title Trust Company and dismissing all of appellants' claims against General Title 
Trust Company was appealed and only that judgment entry was reversed. Our reversal of that judgment does not affect the trial court's prior judgment of November 15, 2004 in favor of The Lakeside Association and it does not affect the trial court's prior judgment of February 25, 2004 in favor of Firelands Abstract Title Agency, Inc. Appellant correctly acknowledged such in its response to the motion for reconsideration.
 {¶ 4} The Boreans have also filed an untimely motion for reconsideration on the issue of costs. Our decision of February 24, 2006 assessed costs to "appellees." The Boreans attached to their motion a cost bill from the Ottawa County Clerk of Courts, and assert that since they were not appellees to this appeal, costs were incorrectly assessed.
 {¶ 5} Since the Boreans' motion for reconsideration is untimely, we take up this matter sua sponte. The court hereby issues this notice of errata and orders that the decision and judgment entry in this case dated February 24, 2006, be corrected by deleting the second sentence of paragraph number 18, and substituting the following sentence in its place:
 {¶ 6} "Appellee General Title is hereby ordered to pay the costs of this appeal pursuant to App.R. 24(A)(1)."
Pietrykowski, J. Skow, J. Parish, J. concur.