OPINION AND JOURNAL ENTRY
On August 14, 2001, this Court entered an Opinion and Journal Entry as to the underlying attorney fee dispute on appeal. We affirmed the trial court's decision to deny a stay of proceedings pending bar association arbitration as to one Appellee, Attorney John Juhasz. We reversed the trial court's like decision as to the other Appellee, Attorney Alan Matavich.
On August 23, 2001, Appellant filed what she styles as a motion for reconsideration. Because this motion is completely lacking in support, we are compelled to overrule the request.
Applications for reconsideration may be made pursuant to App.R. 26(A). While the rule provides the procedure for such application, it is devoid of any standard a court should use on review. Such standard has evolved through caselaw, however, and is best expressed in the syllabus toColumbus v. Hodge (1987), 37 Ohio App.3d 68:
 "1. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (Matthews v. Matthews [1981], 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278, followed.)"
In order to prevail in its application, a party seeking reconsiderationmust raise one of the three errors in its application and support the request with the necessary portions of the appellate record. An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached. State v. Owens (1996), 112 Ohio App.3d 334.
In reading Appellant's so-called motion, it is immediately apparent that Appellant ignores the prohibition set out in State v. Owens. Appellant once again argues that, as to Appellee Juhasz, all of the documents attached to the motion to stay filed in the trial court, when read together, memorialize a written contract binding Appellee Juhasz to arbitration. In so doing, Appellant inexplicably cites as authority the very case she now seeks to have reconsidered. To further "buttress" her argument on behalf of reconsideration, she states that the "Trumbull County Bar Association Fee Arbitration Panel Chairman" construed these documents as a valid consent to arbitration, at page four of the "motion." She does not explain why this is relevant to the Court.
As the underlying Opinion clearly states, there are deficiencies in the exhibits to which Appellant refers in her motion. While this Court certainly recognized that, in certain instances, documents may be read together in order to construe that a valid contract exists between two parties, we also clearly stated that the documents here contain gaps which legally defied this construction. Far from meeting the standard for reconsideration as found in Columbus v. Hodge, supra, Appellant's motion patently reinforces the fact that this Court fully considered the record and all issues before it and that Appellant merely disagrees with the logic applied and conclusions reached by this Court.
For all of the foregoing, Appellant's motion is hereby denied.
Donofrio, J., concurs.
Vukovich, P.J., concurs.
Waite, J., concurs.