DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the application of appellant, Ronmetrious Scott, for reconsideration of certain issues in our decision in State v. Scott, 6th Dist. App. No. L-01-1337. Relying on this court's decision in State v. Hamilton, 6th Dist.App. No. L-01-1466,2003-Ohio-574, appellant asserts that this court was required to find that the trial court erred in failing to hold a hearing before requiring him to reimburse the "costs of prosecution, and any fees permitted pursuant to Revised Code 2929.18(A)(4)." Appellant also argues that R.C.2929.28 mandates that a hearing be held before imposing any financial sanctions under R.C. 2929.18(A)(4).
 {¶ 2} Our consideration of appellant's motion is governed by the standard set forth in Matthews v. Matthews (1981), 5 Ohio App.3d 140,143:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed)" See, also, In re: Testamentary Trust of Hamm (1997),124 Ohio App.3d 683; Columbus v. Hodge (1987) 37 Ohio App.3d 68.
 {¶ 4} The issues raised by appellant in his application for reconsideration were never raised either at the trial court level or in his appeal. Ordinarily, a defendant waives an error if he has not objected to it at trial. State v. Campbell (1994), 69 Ohio St.3d 38,40-41. Furthermore, an appellate court is required to address only those issues that are both assigned as error and briefed. Chem. Bank of NewYork v. Neman (1990), 52 Ohio St.3d 204, 207. However, R.C. 2929.19(B)(6) states that a trial court shall consider a defendant's present and future ability to pay prior to imposing any financial sanction
 {¶ 5} found in R.C. 2929.18(A). Because this statute imposes an affirmative requirement on a trial court to ascertain a defendant's ability to pay, we believe that the doctrine of waiver in the context of the case before us is inapplicable. Accord, State v. Slater, 4th Dist.App. No. 01CA2806, 2002-Ohio-5343. For this reason, we shall consider the issues raised by appellant.
 {¶ 6} Initially, we find that R.C. 2929.28 applies only to the requirement of a hearing in determining whether to require a defendant to reimburse the costs of investigation and prosecution in cases involving arson. This statute is therefore irrelevant to this action because appellant was convicted on charges of attempted murder with a firearm specification, felonious assault with a firearm specification, and aggravated robbery with a firearm specification — not arson.
 {¶ 7} Turning to the argument that a hearing is required prior to imposing the costs of prosecution, the imposition of those costs are mandated by R.C. 2947.23 and, therefore, do not require a hearing under R.C. 2929.18(A). With regard to a hearing requirement as to restitution, as found in R.C. 2929.18(A)(1), we must conclude that to the extent that our decision in Hamilton implies that a hearing must be held in every case that requires a criminal defendant to pay any fees permitted pursuant to R.C. 2929.18(A)(4), that holding is in error.
 {¶ 8} While R.C. 2929.16(B)(6) requires a trial court to consider a defendant's present and future ability to pay prior to imposing the financial sanctions found in R.C. 2929.18(A), the court is not required to hold a hearing, see R.C. 2929.18(E), so long as
 {¶ 9} there is some evidence in the record showing that the judge considered the defendant's present and future ability to pay. State v.Brumback (1996), 109 Ohio App.3d 65, 83; State v. Holmes, 6th Dist.App. No. L-01-1459, 2002-Ohio-6185. In the case sub judice, there is neither evidence in the record of this case, such as a presentence investigation, nor any mention by the trial court of appellant's present and future ability to pay restitution. Therefore, upon our remand, the trial court must not only determine a specified amount of restitution, see, Scott, supra, but must also decide whether appellant has a present and future ability to pay the specified restitution.
 {¶ 10} With regard to the imposition of the costs of confinement for a defendant convicted on a felony charge, R.C. 2929.18(A)(4)(ii) also mandates that a hearing be held. Slater, supra. This cost can be imposed if "the amount of reimbursement ordered *** shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of confinement." Id. As with the question of restitution, the record of the sentencing hearing fails to reveal the costs of confinement and appellant's ability to pay. Thus, upon remand, the trial court must, in conjunction with the hearing on restitution, make these determinations.
 {¶ 11} Upon a complete review of appellant's application for reconsideration, this court finds that appellant raised issues that were not thoroughly considered by this court in the original appeal. Accordingly, appellant's application for reconsideration is granted. This
 {¶ 12} decision is ordered incorporated into State v. Scott, 6th Dist. App. No. L-01-1337, and remanded to the trial court for further proceedings not inconsistent with this judgment.
 APPLICATION GRANTED.
Pietrykowski and Singer, JJ., concur.