DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on the motion of defendant-appellant, William T. Jones, for reconsideration of our May 12, 2006 decision and judgment entry.
 {¶ 2} As stated in Matthews v. Matthews (1981),5 Ohio App.3d 140, 140:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or not fully considered by the court when it should have been."
 {¶ 4} Appellant urges this court to reconsider its finding that, relative to appellant's fifth assignment of error, the sentence imposed by the trial court did not violate State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Specifically, appellant contends that the trial court, in sentencing appellant to more than the statutory minimum, made statutory findings that theFoster court determined were unconstitutional.
 {¶ 5} Upon review of our analysis of appellant's fifth assignment of error we find that, in accordance with Matthews,
appellant has brought to the attention of the court "an obvious error in its decision" and, thus, grant appellant's motion for reconsideration.
 {¶ 6} Upon reconsideration and review of the March 3, 2005 sentencing transcript we must agree that the trial court's statement that appellant "presents a real danger to society and a lengthy prison term is necessary to protect the public" is a finding under R.C. 2929.14(B)(2) which has been severed by the Ohio Supreme Court in Foster.
 {¶ 7} Accordingly, we find that appellant's motion for reconsideration is well-taken and, we find his fifth assignment of error is well-taken. Our decision dated May 12, 2006, is reversed, in part. We reverse our finding that, relative to appellant's fifth assignment of error, appellant's sentence was not contrary to law. The matter is remanded to the trial court for resentencing in accordance with this decision. It is so ordered. Pursuant to App.R. 24, costs assessed against appellee.
MOTION GRANTED.
Handwork, J., Pietrykowski, J., Singer, P.J. concur.