DECISION AND JUDGMENT ENTRY
{¶ 1} On July 24, 2004, at approximately 4:00 a.m., a knife wielding man robbed the Maumee General Store, a gas station and convenience store located in Oregon, Ohio. The single employee on duty at the time testified as to his observation of the robbery. The robbery was also captured by the store's security camera system. The robber was identified as William T. Jones, appellant. *Page 2 
 {¶ 2} On February 9, 2005, appellant was convicted of armed robbery after a jury trial. Appellant was sentenced to a prison term of nine years. Appellant appealed his conviction and sentence, which we affirmed on May 12, 2006. State v. Jones, 6th Dist. No. L-05-1101,2006-Ohio-2351. On June 6, 2006, on appellant's motion for reconsideration, we reversed in part the May 12, 2006 judgment with respect to the sentence and remanded the case to the trial court for re-sentencing consistent with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Jones, 6th Dist. No. L-05-1101, 2006-Ohio-2931. The trial court re-sentenced appellant on July 18, 2006. The trial court re-sentenced appellant to nine years incarceration.
 {¶ 3} Pursuant to 6th Dist.Loc.App.R. 12, we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 {¶ 4} Counsel for appellant asserts the possibility that re-sentencing was not done in accordance with State v. Foster. Citing Anders v.California (1967), 386 U.S. 738, however, counsel for appellant states that he is unable to argue that such an assertion is a meritorious issue for appeal.
 {¶ 5} Anders v. California requires that appointed counsel, who believes an appeal to be wholly frivolous, file a brief which: (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists potential errors "that might arguably support the appeal,"Anders, at 744; (3) requests that this court review the record independently to determine whether the *Page 3 
proceedings are free from prejudicial error; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant with instructions that he may raise his own assignments of error in his own brief and file said brief with this court.
 {¶ 6} Although the Anders requirements were not met, we nonetheless have considered appellant's resentencing for conformity withFoster.
 {¶ 7} We find that the trial court properly re-sentenced appellant pursuant to State v. Foster, ¶ 103. Accordingly, we find appellant's possible assignment of error not well-taken.
 {¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant of App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 4 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1