[Cite as *State v. Moses*, 2018-Ohio-356.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 16 MA 0006 |
| V. | ) | |
| | ) | OPINION |
| LIONEL MOSES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Court of Common
                                Pleas of Mahoning County, Ohio
                                Case No. 2014 CR 871

JUDGMENT:                       Reversed and Remanded
                                Conviction vacated

APPEARANCES:
For Plaintiff-Appellee          Paul Gains
                                Prosecutor
                                Ralph M. Rivera
                                Assistant Prosecutor
                                21 W. Boardman St., 6th Floor
                                Youngstown, Ohio 44503

For Defendant-Appellant         Attorney Lynn Maro
                                7081 West Boulevard #4
                                Youngstown, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: January 26, 2018

DONOFRIO, J.

{¶1} Defendant-appellant, Lionel Moses, appeals from a Mahoning County Court of Common Pleas Court judgment convicting him of three counts of trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(6)(e), felonies of the second degree, following a jury trial.

{¶2} This case revolves around the plaintiff-appellee's, the State of Ohio, use of a confidential informant, Anthony West (West). West was arrested by the Mahoning Valley Law Enforcement Drug Task Force (Task Force) and indicted on numerous charges including drug trafficking and possession. After West was indicted, he agreed to cooperate with the Task Force in certain investigations in exchange for a shorter prison sentence.

{¶3} West provided the Task Force with a list of individuals he believed he could purchase drugs from. This list included appellant. As part of West's cooperation with the Task Force's investigation, West was to arrange a series of drug buys with appellant and wear video and audio recording equipment during the drug buys with appellant.

{¶4} There were three meetings between West and appellant: October 21, 2013, October 28, 2013, and November 18, 2013. All of these meetings took place at a house located in Youngstown, Ohio. During all of these meetings, West went into the house and came out with heroin in his possession. The video and audio recording devices that were planted on West were working during the October 21, 2013 transaction. However, the video was not working during the other two transactions. In all of the video and audio recordings, appellant was never seen possessing heroin or saying the word heroin.

{¶5} West asserted that he obtained the heroin from appellant in all three meetings at the house. The Ohio Bureau of Criminal Identification and Investigation (BCI) confirmed that the substances West obtained were in fact heroin. As a result, the Task Force arrested appellant and charged him with three counts of drug trafficking.

{¶6} At trial, the state called multiple members of the Task Force to testify. Notably for this appeal, the state called Officer Patton. Officer Patton testified on

direct examination that West had successfully helped in other cases and that West was "credible." The state also admitted several pieces of evidence including, but not limited to: the video recording from West's transactions, still photographs from the video recordings, and text messages West received from "Pee Wee." Appellant exercised his right to not testify at trial and called no other witnesses.

{¶7} During the state's rebuttal closing argument, the prosecuting attorney made the following remarks:

> Ladies and gentlemen, what you just witnessed from the defense is trying to force doubt into a situation where there is no doubt.
>
> * * *
>
> So what do they do? Well, I will just make something up during closing arguments and hopefully trick the jury into thinking, yeah, there should have been something. You have the guy who made it. Question him. You can't because it's indisputable what happened. So what do we do? Well, we can't attack the facts. We can't attack the law, so we'll stipulate to the drugs. Of course, you're going to stipulate to the drugs because they're drugs. Otherwise we have to parade three scientists in to say, yeah, those are drugs. Okay?
>
> So what do you do? It's what the defense has done the whole time. Let's attack Anthony [West].

(Tr. 494-496).

{¶8} The prosecuting attorney also made this remark during his rebuttal closing argument:

> But I go home to my wife and my three kids, and I think of what would happen if I didn't do that, if these fine officers didn't do that. We would have drug dealers galore out there doing their deeds, putting poison on our streets. That's what we would have. It is an unsavory business, but what's the alternative? We let drug dealers go free putting this crap on

our streets and in the hands of our children, our friends, our families? No. That's not acceptable.

(Tr. 497-498).

{¶9} The prosecuting attorney also began to argue that a jury does not hear about a person's criminal record until they take the stand. Noting that appellant did not take the stand, appellant's counsel objected. The trial court sustained the objection and instructed the jury to disregard that particular remark.

{¶10} After closing arguments, the trial court read its instructions of law to the jury. Appellant requested that the trial court read to the jury an instruction on accomplice testimony. The purpose of the instruction is to inform the jury that when an accomplice is testifying, they are doing so because they have a special motive to testify in a particular manner. The trial court denied this request. Ultimately, the jury returned guilty verdicts on all counts.

{¶11} At the sentencing hearing, the trial court sentenced appellant to six years of incarceration on count one, three years of incarceration on count two, and three years of incarceration on count three for a total of twelve years of incarceration. The trial court ordered that these sentences were to run consecutively. The state then requested that the trial court make the necessary findings for consecutive sentences pursuant to R.C. 2929.14 but the trial court refused. The trial court issued its judgment entry regarding appellant's sentence on January 6, 2016. Appellant timely filed this appeal on January 13, 2016. Appellant now raises six assignments of error. As explained below, only appellant's first assignment of error will be addressed.

{¶12} Appellant's first assignment of error states:

APPELLANT WAS DENIED A FAIR TRIAL WHEN THE POLICE IMPROPERLY VOUCHED FOR THE CONFIDENTIAL INFORMANT'S CREDIBILITY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 1, 10, AND 16 OF THE OHIO CONSTITUTION.

{¶13} Appellant argues that Officer Patton inappropriately bolstered West's credibility by stating on direct examination that West was "credible." Appellant contends that this is inappropriate because Officer Patton made a judgment on West's credibility as a witness which is the sole responsibility of the jury.

{¶14} It appears from the context of appellant's brief he is alleging that the state engaged in prosecutorial misconduct by asking a witness to potentially assess the credibility of another witness. The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether the remarks prejudicially affected the accused's substantial rights. *State v. Twyford*, 94 Ohio St.3d 340, 2002-Ohio-894, 763 N.E.2d 122. The touchstone of this analysis "is the fairness of the trial, not the culpability of the prosecutor." *Id.* quoting *Smith v. Phillips*, 495 U.S. 209, 102 S.Ct. 940 (1982).

{¶15} The jury is the sole judge of the credibility of a witness. *State v. Swiger*, 5 Ohio St.2d 151, 156, 214 N.E.2d 417 (1966). Generally, the opinion of a witness as to whether another witness is being truthful is inadmissible. *State v. Persohn*, 7th Dist. No. 11 CO 37, 2012-Ohio-6091, ¶ 68 citing *State v. Boston*, 46 Ohio St.3d 108, 128, 545 N.E.2d 1220 (1989) (overruled on other grounds).

{¶16} The exact passage that is the basis of this assignment of error appears in the direct examination of Officer Patton, one of the officers of the Task Force. The passage is:

> **Q**   Officer Patton, you indicated that you had worked with Anthony [West]. Did you find him to be credible during the time that he worked with us?
>
> **A**   Yes.
>
> **Q**   Now, let me go back to you begin this investigation. Anthony agrees to cooperate. Defense counsel brought up some other instances of wrongdoings by him. Did we attempt to help him out in any way in any of that stuff that happened aside from our case?
>
> **A**   No.

(Tr. 420-421).

**{¶17}** Appellant objected to this line of questioning but the trial court overruled the objection. (Tr. 420). Appellant contends that these questions and answers are an inappropriate opinion for a witness to make regarding the credibility of a witness. But the state argues that these questions and answers are analogous to a recent issue presented to the Fourth District.

**{¶18}** In *State v. Smith*, 4th Dist. No. 15CA3686, 2016-Ohio-5062, the Fourth District ruled that the following testimony from a state's witness on redirect about said witness was not improper vouching for the witness' credibility:

> [Prosecutor]: You've testified against heroin traffickers in this county before?
>
> [Schuman]: Yes.
>
> [Prosecutor]: The one out here where they had to stop traffic and arrested three of them coming from Cincinnati?
>
> [Schuman]: Yes.
>
> [Prosecutor]: And you testified in that case?
>
> [Schuman]: Yes.
>
> [Prosecutor]: Okay. Judge Harcha made a ruling in that case about your credibility, didn't he?
>
> [Schuman]: Yes, he did.
>
> [Prosecutor]: And he said you were a most credible witness?
>
> [Schuman]: Yes, he did.

*State v. Smith*, at ¶ 51.

**{¶19}** The Fourth District reasoned that this line of questioning did not amount to prosecutorial misconduct because the prosecutor did not express a personal voucher for the witness' credibility. *Id.* at ¶ 55.

**{¶20}** This District has the same or a similar rule to that of the Fourth District's. "It is improper for an attorney to express his or her personal belief or opinion as to the credibility of a witness or as to the guilt of the accused." *State v.*

*Rector*, 7th Dist. No. 01 AP 758, 2002-Ohio-7442, ¶ 58 quoting *State v. Williams*, 79 Ohio St.3d 1, 679 N.E.2d 646 (1997). In order for the prosecutor to "vouch" for the witness, the prosecutor's statements must imply knowledge of facts outside the record or place the prosecutor's personal credibility in issue. *Id.* citing *State v. Keene*, 81 Ohio St.3d 646, 693 N.E.2d 246 (1998).

**{¶21}** Even though the facts in the case at bar are somewhat different from those in *Smith* and *Rector*, the same rule applies. In this case, the prosecuting attorney aligned himself with the police. Specifically, the prosecutor asked Officer Patton if he found West to be credible "during the time he worked with us?" (Tr. 420). Additionally, the prosecutor asked Officer Patton, "Did we attempt to help him out in any way in any of that stuff that happened aside from our case?" (Tr. 421). The words "us," "we," and "our" when spoken by the prosecuting attorney to Officer Patton during trial indicates that the prosecutor's office and the police share the same viewpoints regarding the evidence, including the credibility of West. With the prosecution aligning itself with the police openly and on the record and Officer Patton assessing West as a "credible" witness, the prosecution was essentially vouching for the witness. There is no indication in the record of corroboration as to why West was a credible informant.

**{¶22}** Additionally, the Sixth Circuit held that "[b]olstering occurs when the prosecutor implies that the witness's testimony is corroborated by evidence known by the government but not known by a jury. A prosecutor may ask a government agent or other witnesses whether he was able to corroborate what he learned in the criminal investigation. However, if the prosecutor pursues this line of questioning, she must also draw out testimony explaining how the information was corroborated and where it originated." *United States v. Francis*, 170 F.3d 546, 551 (6th Cir. 1999). In this case, there is no corroboration of how exactly West was deemed credible by Patton other than West did prior work for police and Patton deemed him credible. Furthermore, the Sixth Circuit also held that a defendant is denied a fair trial when testimony from a police officer regarding an informant's "reliability" in other cases is offered. *Cooper v. Sowders*, 837 F.2d 284, 288 (6th Cir. 1988).

**{¶23}** Similar rulings have been used in Ohio as well. The First District held that the opinion of a witness about another witness' truthfulness is inadmissible and the problem of such testimony is only compounded when the opinion is from a police officer as jurors are more likely to perceive police officers as expert witnesses. *State v. Huff*, 145 Ohio App.3d 555, 763 N.E.2d 695 (1st Dist. 2001). Ultimately, the trial court's decision to allow testimony regarding West's credibility as an informant was error. The remedy for prosecutorial misconduct is a new trial. *State v. McCleod*, 7th Dist. No. 00 JE 8, 2001-Ohio-3480 citing *State v. Kennan*, 81 Ohio St.3d 133, 1998-Ohio-459, 689 N.E.2d 929.

**{¶24}** Accordingly, appellant's first assignment of error has merit and is sustained.

**{¶25}** Appellant's remaining assignments of error are as follows:

### Second Assignment of Error

APPELLANT WAS DENIED A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S COMMENTS DURING VOIR DIRE AND REBUTTAL CLOSING ARGUMENT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 1, 10, AND 16 OF THE OHIO CONSTITUTION.

### Third Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GIVE REQUESTED JURY INSTRUCTIONS ON ACCOMPLICE/INFORMANT TESTIMONY, AND DENIED MR. MOSES' RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND OHIO CONSTITUTION ARTICLE 1, SECTION 1, 10, AND 16.

### Fourth Assignment of Error

THE TRIAL COURT ERRED IN ADMITTING THE RECORDINGS FROM THE WIRE WORN BY THE CONFIDENTIAL

INFORMANT, AND A DVD OF STILL PHOTOGRAPHS AND TEXT MESSAGES WERE NOT PROPERLY AUTHENTICATED THEREBY DEPRIVING APPELLANT THE RIGHT TO A FAIR TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 1, 10, AND 16 OF THE OHIO CONSTITUTION.

### Fifth Assignment of Error

DEFENDANT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES WITHOUT MAKING THE NECESSARY FINDINGS PURSUANT TO R.C. 2929.14.

### Sixth Assignment of Error

APPELLANT'S CONVICTION AND SENTENCE VIOLATE THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AS THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶26} Based on our resolution of appellant's first assignment of error, appellant's second, third, fourth, fifth, and sixth assignments of error are moot.

{¶27} For the reasons stated above, appellant's conviction is hereby vacated. The trial court's judgment is reversed and this matter is remanded for a new trial.

Waite, J., concurs
DeGenaro, J., concurs