[Cite as *State v. Payne*, 2025-Ohio-200.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHARLES L. PAYNE II,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 24 CO 0012, 24 CO 0013, 24 CO 0014**

---

Motion to Certify a Conflict
Application for Reconsideration
Application for En Banc Review

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
Andrew J. King, Judge of the Fifth District Court of Appeals,
Sitting by Assignment.

**JUDGMENT:**
Overruled.

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Jeffrey Jakmides*, Special Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Rhys B. Cartwright-Jones*, for Defendant-Appellant.

Dated: January 23, 2025

**PER CURIAM.**

**{¶1}** Defendant-Appellant, Charles L. Payne II, has filed an application for reconsideration, application for en banc review, and motion to certify conflict. For the following reasons, Appellant's applications and motion are overruled.

**{¶2}** We will address each of Appellant's motions separately.

**{¶3}** Appellant first asks us to reconsider our decision and judgment entry in which we affirmed his convictions.

**{¶4}** App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist. 1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶5}** Appellant first asserts we must reconsider our decision based on *State v. Moses*, 2018-Ohio-356 (7th Dist.). In *Moses*, we found prosecutorial misconduct due to bolstering of a confidential informant's testimony. On direct examination, the prosecutor asked a task force officer if he had found the confidential informant to be credible during the time the informant had "worked with *us*." (Emphasis added); *Id.* at ¶ 16. The prosecutor then asked, "Did *we* attempt to help him out in any way in any of that stuff that happened aside from *our* case?" (Emphasis added); *Id.* This Court concluded:

> The words "us," "we," and "our" when spoken by the prosecuting attorney
> to Officer Patton during trial indicates that the prosecutor's office and the

police share the same viewpoints regarding the evidence, including the credibility of West. With the prosecution aligning itself with the police openly and on the record and Officer Patton assessing West as a "credible" witness, the prosecution was essentially vouching for the witness.

*Id.* at ¶ 21. Thus, we found prosecutorial misconduct.

**{¶6}** The present case is distinguishable from *Moses*. In this case, we found that as to the first statement Appellant took issue with the purpose of the testimony was to establish venue, which had been at issue. *Payne*, 2024-Ohio-5575, ¶ 16 (7th Dist.). And as to the second statement, we found that it was in rebuttal to questions the defense raised on cross-examination regarding the fact that Lieutenant Johnson was not present at the scene when the alleged assault occurred. *Id.* at ¶ 17. The prosecutor then asked the lieutenant what his impression was of the victim, to which the lieutenant answered that the victim had been truthful. *Id.* at ¶ 18. We concluded that the jury was able to listen to the victim and observe his demeanor during direct testimony and cross-examination. *Id.* at ¶ 25. The prosecutor never used words such as "us," "we," and "our" when speaking to the lieutenant as did the prosecutor in *Moses* nor did the prosecutor align himself with the police in assessing the credibility of a witness.

**{¶7}** Appellant also asserts we must reconsider our decision due to our reliance on *State v. Herns*, 2023-Ohio-4714 (7th Dist.), which he asserts is distinguishable from the present case. *Herns* involved different facts than those in this case (dealing with the veracity of a rape victim) but we found a similarity in the logic of that decision and noted the significance that the victim here testified as did the victim in *Herns*, which allowed the jury to independently make their own credibility determination. *Payne*, at ¶ 25.

**{¶8}** Appellant has not called to our attention an obvious error in our decision or raised an issue for our consideration that was either not at all considered or was not fully considered by us when it should have been. For this reason, his application for reconsideration is overruled.

**{¶9}** Next, Appellant requests en banc review. He suggests our judgment in this case is in conflict with our judgment in *State v. Moses*, 2018-Ohio-356 (7th Dist.).

Case Nos. 24 CO 0012, 24 CO 0013, 24 CO 0014

{¶10} App.R. 26(A)(2) governs application for en banc consideration. Pursuant to the rule, if a court of appeals determines that two or more of its decisions are in conflict, it may order that an appeal or other proceeding be considered en banc. App.R. 26(A)(2)(a). Intra-district conflicts can arise when different panels of judges hear the same issue, but reach different results. *Gentile v. Turkoly*, 2017-Ohio-2958, ¶ 2 (7th Dist.), citing *McFadden v. Cleveland State Univ.*, 2008-Ohio-4914, ¶ 15. "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)(a). The burden is on the party requesting en banc consideration to "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary." App.R. 26(A)(2)(b).

{¶11} Appellant has failed to identify a dispositive issue requiring en banc consideration. As discussed in detail above, *Moses* is distinguishable on its facts. Thus, Appellant's application for en banc review is overruled.

{¶12} Finally, Appellant asks this Court to certify a conflict to the Ohio Supreme Court on two different issues.

{¶13} A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio. Ohio Const., art. V, § 3(B)(4).

{¶14} In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993). (Emphasis sic).

**{¶15}** Moreover, a motion to certify a conflict "shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed." App.R. 25.

**{¶16}** First, Appellant contends our judgment in this case is in conflict with the Sixth District's judgment in *State v. Loyd*, 2021-Ohio-4508 (6th Dist.). In *Loyd*, during the state's cross-examination of the appellant, the prosecutor, holding some papers in his hand, said to the appellant, "What if I told you that there are other written statements that corroborate [the other witness's version of the events]. Would they be lying?" *Id.* at ¶ 7. Defense counsel objected and later moved for a mistrial. The trial court overruled the motion for a mistrial and issued a cautionary instruction to the jury. Later, the jury asked the court if there were any more eyewitness statements to corroborate the other witness. Defense counsel renewed the motion for a mistrial, which the trial court denied.

**{¶17}** On appeal, the Sixth District stated it would review the trial court's decision denying the mistrial under an abuse of discretion standard. *Id.* at ¶ 9, citing *State v. Sage*, 31 Ohio St.3d 173, 182 (1987). It noted that a mistrial is only a proper remedy when the ends of justice require this remedy and a fair trial is no longer possible. *Id.* at ¶ 9, citing *State v. Cantrill*, 2020-Ohio-1235, ¶ 47 (6th Dist.), citing *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). The Sixth District went on to state that:

> "In determining whether prosecutorial misconduct occurred, we must first consider whether remarks were improper, and if we find improper remarks, whether those remarks prejudiced the accused's substantial rights." *Cantrill* at ¶ 48, citing *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 231, citing *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984).

*Id.* at ¶ 9.

{¶18} Appellant now argues that there is a conflict with the law we applied. Appellant frames the issue to be certified as what is "the appropriate standard for determining whether prosecutorial misconduct involving improper vouching necessitates a mistrial or reversal."

{¶19} But we distinguished *Loyd* on its facts. *See Payne* at ¶ 23. Moreover, we applied the same law as *Loyd*. We pointed to the trial court's broad discretion upon considering a motion for a mistrial. *Payne*, 2024-Ohio-5575, at ¶ 20 (7th Dist.), citing *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus. And we stated that a "mistrial is appropriate when the substantial rights of the accused or prosecution are adversely affected making a fair trial no longer possible." *Id.*, citing *Illinois v. Somerville*, 410 U.S. 458, 462-463 (1973); *Franklin*, 62 Ohio St.3d at 127. Thus, there is no conflict between this Court's judgment in this case and *Loyd*.

{¶20} Appellant also asks us to certify a conflict regarding whether disorderly conduct is a lesser-included offense of domestic violence. But we concluded the evidence did not support a disorderly conduct instruction in this case. *Payne*, 2024-Ohio-5575, at ¶ 73 (7th Dist.). We reasoned:

> The same analysis applies here as it did to aggravated menacing. The evidence demonstrated that Appellant acted knowingly. Appellant directly threatened to kill Amy and her family. Appellant followed Amy and pounded on her car window. Amy called Appellant's father for help. She called her mother as she fled from Appellant to her mother's house. Amy called 911 when Appellant was at her mother and stepfather's home. This evidence shows that Appellant acted knowingly [required for domestic violence] as opposed to recklessly [required for disorderly conduct].
>
> Thus, the trial court properly ruled to exclude the lesser-included offense instruction on the domestic violence charge.

*Id.* at ¶ 74-75.

{¶21} In sum, based on the reasons set out above, Appellant's application for reconsideration, application for en banc review, and motion to certify conflict are hereby overruled.

**JUDGE MARK A. HANNI**

**JUDGE CHERYL L. WAITE**

**JUDGE ANDREW J. KING,
FIFTH DISTRICT COURT OF APPEALS,
SITTING BY ASSIGNMENT**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case Nos. 24 CO 0012, 24 CO 0013, 24 CO 0014</u>