[Cite as *Edgecomb v. Toledo Nights, Inc.*, 2019-Ohio-5274.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kevin Edgecomb, et al.

Court of Appeals No. L-19-1022

Appellees

Trial Court No. CI0201604616

v.

Toledo Nights, Inc., d/b/a
Days Inn of Toledo

**DECISION AND JUDGMENT**

Appellant

Decided: December 20, 2019

* * * * *

John A. Zervas, for appellees.

Thomas E. Cafferty, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a November 16, 2017 judgment of the Lucas County Court of Common Pleas, denying appellant's June 29, 2017 motion for reconsideration of the trial court's December 15, 2016 default judgment entered against appellant in the underlying bedbugs case. Appellees, Kevin Edgecomb and Gail Robinson, assert that

Edgecomb was exposed to bedbugs during his June 2016 stay at appellant's Toledo-area hotel.

{¶ 2} Appellees filed suit on October 12, 2016, claiming negligence, negligence per se, battery, breach of contract, breach of Ohio's Consumer Sales Practices Act ("OCSPA"), and loss of consortium, against appellant arising from Edgecomb's alleged bedbug exposure at appellant's hotel.

{¶ 3} Claimed compensatory damages included medical treatment, clothing replacement, counseling and therapy costs, and ongoing psychiatric expenses arising from Edgecomb's delusional disorder, allegedly caused by bedbugs.

{¶ 4} Appellant is Toledo Nights, Inc., d/b/a Days Inn of Toledo, a corporation which owns the Toledo-area Days Inn hotel where the events relevant to this case occurred. Edgecomb was a guest at the hotel for several weeks when he travelled to the Toledo-area in connection to a period of temporary employment in the area. Edgecomb discovered the bedbug condition on his person several days after checking into the hotel. Edgecomb did not check out of the hotel after alleging that the bedbug exposure occurred at the hotel, and remained a hotel guest for the duration of his Toledo-area stay.

{¶ 5} The crux of this appeal centers upon the propriety of the trial court's handling of a default judgment entered against appellant, automatically rendering appellant liable for appellees' claimed bedbug damages, without any causation evidentiary considerations. A jury trial was held on damages and awarded Edgecomb $173,927.

2.

{¶ 6} Appellant has consistently maintained no timely knowledge or awareness of the pending litigation by corporate personnel to have enabled the filing of an answer to the complaint, so as to have avoided the default judgment. The record contains an affidavit from appellant's director of corporate operations setting forth this excusable neglect position in detail. The record contains no objective evidence refuting it.

{¶ 7} On June 26, 2017, the trial court summarily denied appellant's Civ.R. 60(B) motion to vacate the default judgment against appellant. The motion was denied on a narrow, procedural basis. The substantive merits of appellant's excusable neglect claim was not considered or decided by the trial court at that time.

{¶ 8} On November 16, 2017, the trial court denied appellant's motion for reconsideration of the denial of the motion to vacate. In this decision, the trial court did undertake consideration of excusable neglect and reached an adverse determination on the substantive merits of appellant's excusable neglect claim, originally set forth in support of the Civ.R. 60(B) motion to vacate.

{¶ 9} The decision on the motion for reconsideration, principally pertaining to the trial court's explicit finding that appellant failed to demonstrate excusable neglect, so as to warrant vacating the default judgment against appellant pursuant to Civ.R. 60(B)(1), is now before us on direct appeal.

{¶ 10} We note that the record reflects a mistaken restatement by the trial court of one averment set forth in appellant's supporting affidavit. This proves central to the appeal. The trial court's stated reliance on the misreading of that averment led it to

3.

incorrectly conclude that excusable neglect had not been shown so as to warrant vacating the default judgment and allow the filing of an answer to the complaint.

{¶ 11} For reasons set forth more fully below, this court reverses the judgment of the trial court, vacates the default judgment and all subsequent trial court proceedings and rulings emanating from it, and remands the case to the trial court so that an answer may be filed and the case may proceed on the merits.

{¶ 12} Default judgments are a generally disfavored method of case resolution. This reasoning lies in their origins being rooted in procedure-based technicalities, rather than the submission of adequate evidence, triggering liability.

{¶ 13} As is succinctly set forth in *GTE Automatic Elec., Inc. v. ARC Ind., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), "[W]here timely relief is sought from a default judgment and the movant has a meritorious defense, *doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits*." (Emphasis added).

{¶ 14} Appellant sets forth the following four assignments of error:

1. The trial court erred in not vacating or reconsidering the default judgment.

2. The trial court erred when it failed to grant [appellant's JNOV motion] as the jury's verdict on punitive damages and the court's decision to award attorney fees based on the jury's award of punitive damages was against the manifest weight of the evidence.

4.

3. The trial court erred in finding that defendant's actions were a knowing violation of the Ohio Consumer Sales Practices Act (OCSPA) and therefore, the award of Edgecomb's attorney fees for OCSPA violations [was] in error.

4. The trial court erred when it failed to grant [appellant's JNOV motion] as the jury's verdict on an award of medical expenses was against the manifest weight of the evidence.

{¶ 15} The following facts are relevant to this appeal. In June of 2016, appellee, Kevin Edgecomb, began a several-week stay at a Days Inn hotel located in the Toledo-area and owned by appellant. The hotel stay was prompted by a brief term of contract employment at a Toledo-area refinery.

{¶ 16} Three days after checking into the hotel, Edgecomb notified hotel staff of an alleged bedbug presence in his hotel room given skin conditions that appellant had detected on his person after commencing the hotel stay.

{¶ 17} Despite the apparent bedbug skin conditions, and his contention that the exposure occurred at the hotel, Edgecomb elected to continue his stay at the hotel. Edgecomb was relocated to a different room at the hotel.

{¶ 18} In response to this situation, hotel staff inspected the first room occupied by Edgecomb. They did not observe anything supportive of appellant's claim that his bedbug exposure occurred in that hotel room. In conjunction with this, no complaints had been received by the hotel regarding that hotel room from the prior guests who had

5.

stayed in the room before appellant began his stay. The hotel does utilize preventative measures in an effort to prevent bedbug contamination.

{¶ 19} On October 12, 2016, Edgecomb filed suit against appellant, claiming a broad spectrum of damages allegedly caused by the bedbug exposure, prefaced upon the contention that the exposure to bedbugs had occurred at appellant's hotel.

{¶ 20} Damages sought included medical treatment for Edgecomb's skin condition, as well as substantial damages claimed in connection to emotional and psychological issues, including ongoing delusional disorders, allegedly caused by exposure to bedbugs.

{¶ 21} The summons and complaint against appellant were served on a night auditor working at the Toledo-area hotel where these events occurred. Although the employee could not specifically recall receiving the certified mail delivery, she indicated that she would have placed any such delivery in the hotel manager's inbox at the hotel.

{¶ 22} Significantly, the hotel manager on duty at the time of service left appellant's employment shortly thereafter, and moved overseas in order to provide medical care to an ailing parent living abroad.

{¶ 23} The record is devoid of any evidence that the summons and complaint, apparently left in the hotel mailbox of an employee who left appellant's employment and the country during the same time frame, was subsequently forwarded to or brought to the attention of the responsible off-site corporate personnel prior to the deadline for filing an answer to the complaint.

6.

{¶ 24} The record reflects, consistent with appellant's representations of no timely knowledge of the matter, that appellant did not file an answer to the complaint against the company.

{¶ 25} On December 8, 2016, appellees filed a motion for default judgment given appellant's failure to file an answer. On December 15, 2016, the trial court granted a liability default judgment. The case was continued for further proceedings regarding claimed damages.

{¶ 26} On May 2, 2017, having subsequently learned of the litigation and the default judgment from an insurer, appellant filed a Civ.R. 60(B)(1) motion to vacate the default judgment.

{¶ 27} In support, appellant asserted multiple meritorious defenses. Appellant noted the lack of complaints of any kind, including bedbugs, by the prior guests who stayed in the same room in the time frame prior to Edgecomb's stay in the room. In addition, appellant indicated that the staff inspection of the room following Edgecomb's claim found no evidence of the presence of bedbugs. Further, appellant conveyed that it uses precautionary measures in an effort to prevent bedbugs at the hotel.

{¶ 28} In conjunction with the above, appellant asserted Civ.R. 60(B)(1) entitlement to relief from the default judgment based upon excusable neglect. Appellant maintained that it had no timely awareness of the litigation so as to have had the opportunity to file an answer prior to the default judgment.

7.

{¶ 29} In support, appellant submitted an affidavit from the corporate director of operations delineating the meritorious defenses to present if relief was granted, in addition to the assertion of excusable neglect.

{¶ 30} The affidavit detailed that the local staff person who signed for the document delivery does not recall the delivery, but believes that she would have placed any such delivery into the in-box at the hotel of the former hotel manager.

{¶ 31} This manager left appellant's employment, and the country, shortly after these events. There is no evidence that the documents were forwarded to corporate personnel or that anyone with awareness of the lawsuit notified corporate personnel of the lawsuit.

{¶ 32} Lastly, appellant noted that the motion was filed well within one year of the disputed default judgment, was made less than a week after local counsel was retained, and was made prior to the hearing on damages.

{¶ 33} On June 26, 2017, the trial court denied the motion to vacate the default judgment. The denial was not on the substantive merits submitted by appellant, but rather it was procedural, based on a position that the default judgment was not a final order subject to the scrutiny of Civ.R. 60(B) review.

{¶ 34} The court held in relevant part, "An order [default judgment] that determines only liability [procedurally via a default judgment] deferring determination of damages to a later date, is not a final judgment."

8.

{¶ 35} On June 29, 2017, appellant filed a motion for reconsideration of the June 26, 2017 denial of the motion to vacate the default judgment.

{¶ 36} In this subsequent motion, appellant reiterated all of the previously presented Civ.R. 60(B) arguments, including the meritorious defenses that could be presented if relief from default judgment were granted, excusable neglect, and timeliness, all of which were likewise submitted in the first motion filing.

{¶ 37} Appellant emphasized in support of the motion for reconsideration that the trial court failed to consider the evidence presented of excusable neglect underlying the failure to file a timely answer given the lack of awareness of the pending lawsuit by corporate personnel, as set forth in the supporting affidavit of the director of corporation operations. This affidavit was again submitted in support of the Civ.R. 60(B)(1) motion to vacate.

{¶ 38} On November 16, 2017, the trial court denied the motion for reconsideration of the denial of the motion to vacate. In the denial, the trial court did consider and make a determination on the substantive merits of appellant's Civ.R. 60(B)(1) excusable neglect claims.

{¶ 39} Significantly, in denying the motion, the trial court held in relevant part, "[W]hile arguing no knowledge of the suit, *the affiant also indicates [that] 'someone' in the corporate hierarchy submitted the claim to its insurer*." (Emphasis added). We respectfully disagree as this conclusion runs counter to the evidence.

9.

{¶ 40} In contrast to the above trial court conclusion, the affiant speculatively stated that, "*[I]t appears that someone from the Toledo hotel* [may have] filed a claim for this incident with our insurer, because our insurer notified corporate staff after default judgment was already entered against us."

{¶ 41} Based upon this inaccurate restatement of an averment in the affidavit, transforming an unsupported, speculative claim that a local hotel staff person may have notified the insurance carrier of the bedbug incident into a definitive statement that someone in the corporate hierarchy submitted a claim to the insurer, the trial court incorrectly imputed timely knowledge of the lawsuit upon corporate personnel.

{¶ 42} On that mistaken basis, the trial court determined in relevant part that, "Here, defendant demonstrates only carelessness or lack of attention. Accordingly, with no showing of excusable neglect, defendant provides no basis for reconsideration of the default judgment as to liability only, and no basis to permit an untimely pleading."

{¶ 43} Based upon this determination that excusable neglect had not been shown, rooted in the unsupported conclusion that there was timely awareness of the litigation by the "corporate hierarchy," the trial court denied the motion for reconsideration. This appeal ensued.

{¶ 44} In the first assignment of error, which implicates the balance of the assignments, appellant asserts that the trial court erred in its November 16, 2017 denial of appellant's motion for reconsideration of the trial court's June 26, 2017 denial of appellant's Civ.R. 60(B) motion to vacate the default judgment. We concur.

10.

{¶ 45} The test applied upon the filing of a motion for reconsideration is whether the motion calls to the attention of the court an obvious error in the decision or raises an issue for consideration that was either not considered at all or was not fully considered by the trial court when it should have been. *Matthews v. Matthews*, 5 Ohio App.3d 140, 450 N.E.2d 278 (10th Dist.1981), paragraph two of the syllabus.

{¶ 46} It must further be considered whether the disputed trial court motion ruling constituted an abuse of discretion. The term abuse of discretion connotes more than a mere error of law or judgment. It implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 47} Specifically, appellant maintains that the denial of the motion for reconsideration of the trial court's denial of appellant's Civ.R. (60)(B)(1) motion to vacate the default judgment failed to correctly consider the issue of the excusable neglect claim, so as to permit appellant to timely file an answer and avoid default judgment.

{¶ 48} It is well-established that in order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate a meritorious claim to present if relief is granted, entitlement to relief under one of the grounds enumerated in Civ.R. 60(B), and the motion must be made within one year after the judgment was entered. *GTE Automatic Elec. Inc.*, 47 Ohio St.2d at 150-151, 351 N.E.2d 111.

{¶ 49} The record irrefutably reflects that the motion was timely made, given a May 2, 2017 motion made in response to the December 15, 2016 default judgment, and

the affidavit submitted in support of the motion sets forth multiple meritorious claims to present if relief was granted.

{¶ 50} Accordingly, our consideration now centers upon the propriety of the trial court's consideration of, and adverse decision on, appellant's Civ.R. 60(B)(1) claim of excusable neglect for the failure to file an answer to the complaint.

{¶ 51} Appellant has consistently maintained throughout this case that the relevant corporate personnel lacked knowledge or notice of the litigation so as to have filed a timely answer. In support, the director of corporate operations submitted an affidavit setting forth, among other things, the lack of actual or arguably constructive knowledge of the lawsuit.

{¶ 52} The affidavit reflects that a night-shift employee of the Toledo hotel was the party served with the complaint at the local level. The record reflects that this employee has no memory of the event, but acknowledges that she would have placed any such documents served upon her into the internal mailbox of the hotel manager in place at that time.

{¶ 53} The affidavit further reflects that the hotel manager, in whose box she would have placed the documents, severed employment with the hotel and moved overseas shortly after these events. The record is devoid of any evidence that the hotel manager, or anyone else, actually forwarded the documentation to corporate personnel or otherwise timely notified them of the lawsuit.

{¶ 54} Conversely, the trial court's disputed central conclusion, that appellant failed to establish excusable neglect, is clearly based upon the trial court's mistaken determination that, "*[S]omeone in the corporate hierarchy submitted the claim to its insurer.*" There is no evidence in the record supporting that conclusion.

{¶ 55} Based upon this incorrect conclusion, the trial court held that excusable neglect had not been shown so as to warrant a Civ.R. 60(B)(1) vacation of the default judgment.

{¶ 56} This adverse excusable neglect determination arose from a clear misreading of an averment in the supporting affidavit. In the subject averment of the director of corporate operations' affidavit, he conjectures that, "[I]t appears that someone from the Toledo hotel filed a claim for this incident with our insurer, because our insurer notified staff after a default judgment was already entered against us."

{¶ 57} The plain language of the above-quoted statement in the affidavit both reflects it to be unsupported conjecture, and further shows that the conjecture was that a staff person at the local level at the hotel may or may not have notified the insurance carrier. *It made no claims in connection to corporate personnel.*

{¶ 58} This lies in contrast to the trial court's incongruous conclusion that the affidavit showed that, "'[S]omeone' in the corporate hierarchy submitted the claim to its insurer * * * [Thus, appellant] demonstrates only carelessness or lack of attention. Accordingly, with no showing of excusable neglect, [appellant] provides no basis for reconsideration of the default judgment."

13.

{¶ 59} Stated differently, the trial court mistakenly found that the affidavit constituted evidence of timely awareness of the matter by the "corporate hierarchy" so as to render the failure to file an answer careless and legally inexcusable, rather than Civ.R. 60(B)(1) legally excusable neglect. It did not.

{¶ 60} The record reflects that appellant submitted all requisite evidence in support of the Civ.R. 60(B)(1) motion, including unrefuted evidence of excusable neglect in the failure to answer the complaint, such that the trial court's denial of the motion for reconsideration of the denial of the motion to vacate the default judgment was erroneous.

{¶ 61} On consideration whereof, we find appellant's first assignment of error well-taken. Given our determination in response to the first assignment of error, holding adversely to appellees, we find the remaining assignments of error to be moot.

{¶ 62} The remaining assignments are rooted in subsequent proceedings and holdings, none of which would have occurred, but for the trial court's incorrect denial of the motion for reconsideration based upon an incorrect restatement of the affidavit. Thus, they are rendered moot as the subsequent disputed trial court proceedings and holdings are likewise vacated as a matter of law by this decision.

{¶ 63} The judgment of the Lucas County Court of Common Pleas denying appellant's motion for reconsideration of the denial of appellant's Civ.R. 60(B)(1) motion to vacate the default judgment is hereby reversed.

14.

{¶ 64} The record reflects that the motion to vacate the default judgment was timely made, demonstrates meritorious claims to present by appellant, and demonstrates Civ.R. 60(B)(1) excusable neglect by appellant.

{¶ 65} The case is remanded to the trial court so that appellant may be permitted time in which to file an answer to the complaint and the case proceed thereafter on the merits. Pursuant to App.R. 24, appellees are ordered to pay the costs of this appeal.

Judgment reversed
and remanded

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.